**CITY OF ROCKFORD, a Municipal Corporation, Plaintiff,**

v.

**The SECRETARY OF HOUSING AND URBAN DEVELOPMENT, Defendant.**

**No. 74 C 65 WD.**

United States District Court, N. D. Illinois, W. D.

Oct. 30, 1975.

**364**

Stephen W. McCarty, Asst. City Atty., Rockford, Ill., for plaintiff.

Alexander D. Kerr, Jr., Asst. U. S. Atty., Chicago, Ill., for defendant.

## MEMORANDUM DECISION

MARSHALL, District Judge.

Plaintiff, City of Rockford, brought this action in the Illinois Circuit Court for the 17th Judicial Circuit, Winnebago

County, seeking a decree of demolition of five buildings located in Rockford. Defendant, the Secretary of the Department of Housing and Urban Development (HUD), is the record owner of the buildings. Plaintiff's complaint alleges that the buildings were found in violation of the Rockford Housing Code. The City notified HUD that the buildings were in an unsafe condition and requested repairs or demolition, but HUD did nothing.

HUD removed the action here pursuant to 28 U.S.C. § 1442(a)(3) and plaintiff's motion to remand was denied.

HUD has now moved to dismiss for lack of subject matter jurisdiction, failure to state a claim and insufficient service of process. After the motion was filed, Genaro Lara moved to join as a party plaintiff pursuant to Rule 20, Fed.R.Civ.P. He has submitted a pleading which we shall regard as an intervening complaint against both of the existing parties, i. e., the City of Rockford and HUD. HUD has responded to Lara's intervening complaint with a motion to strike. All of the motions are now ready for ruling on memoranda filed by the parties.

## I. HUD's Motion to Dismiss

HUD's motion to dismiss purports to raise questions of subject matter jurisdiction, failure to state a claim and insufficient service of process.

■ The contention that the court lacks jurisdiction of the subject matter of the action is unfounded. The Secretary of HUD has been sued for an act under color of office in the performance of her duties. It is said that she has permitted homes, titles to which she holds in her official capacity, to fall into a state of disrepair, warranting their demolition. As a consequence, the action was removed here under 28 U.S.C. § 1442(a)(3). Furthermore, the action can be deemed one against the United States under 28 U.S.C. § 1346(a)(2), or 1361.

What defendant really contends is that the City of Rockford's action is one against the United States to which the United States has not consented. That contention borders on the frivolous. 12 U.S.C. § 1702; see Estrada v. Hills, 401 F.Supp. 429 (N.D.Ill.1975). The motion to dismiss for want of subject matter jurisdiction is denied.

■ Insofar as the motion to dismiss based upon insufficiency of service of process is concerned, there is nothing before us other than the unverified assertion of counsel for the Government that process was not properly served. The records and files of the Circuit Court of Winnebago County which have been brought here on removal, show service in accord with Rule 4(d)(4) and (5), Fed.R.Civ.P. The motion to dismiss on this ground is denied.

There remains the serious question of whether defendant's ownership of residential properties under the several national housing acts is subject to local safety and health controls. Certainly, *City of Sacramento v. HUD*, 363 F.Supp. 736 (E.D.Cal.1972), is not authority for the proposition that it is not. *Compare, Estrada v. Hills, supra.*

On the present state of the record we are not prepared to decide the question. The briefs which have been submitted in respect to it could, we believe, be more penetrating. We also need to know the nature of the ordinance which is invoked against defendant and the condition of the buildings against which plaintiff has proceeded. In short, we are not prepared to hold on the present state of the record, that defendant may own property in an urban community without regard to the local laws which speak to the health, safety and morals of that community.

The motion to dismiss is denied and defendant is ordered to answer in 20 days.

## II. Lara's Petition for Joinder

Genero Lara has submitted a petition to join the action as a party plaintiff. Interestingly, he seeks relief against both HUD and the existing plaintiff, City of Rockford. His complaint alleges that in November of 1974, the City of Rockford obtained an injunctive decree [1] for the demolition of a single family dwelling owned by HUD and located at 218 North Avon, Rockford, Illinois. This house is not one of the five buildings which are the subject of the demolition petition in the main action. In March of 1975, subsequent to the entry of the demolition decree, Lara purchased the house and lot from HUD. The City has since attempted to demolish the house pursuant to the 1974 decree. Lara now seeks relief against both HUD and Rockford. First he contends that the 1974 demolition decree obtained by the City is void because of the doctrine of sovereign immunity. Second he requests damages against HUD for breach of the real estate contract. Lara maintains that HUD has not paid $1,749.02 in back taxes as required by the contract. Moreover, he argues that the 1974 demolition decree breaches the contract agreement for delivery of merchantable title and he requests additional damages in the amount of $5,000.

■ The petition for joinder is more properly one for permissive intervention pursuant to Rule 24(b), Fed.R.Civ.P. Under this rule a timely application for intervention may be permitted where the applicant's claim or defense and the main action have a common question of law or fact.

■ A request for permissive intervention under Rule 24(b) is addressed to the court's sound discretion. It may be denied if the intervenor raises collateral or extrinsic issues, even though the petition presents a common question of law or fact. 3B J. Moore, *Federal Practice,* ¶ 24.10[4], at 24–394.

■ Lara sides with HUD in his complaint asserting that HUD could not be sued by the City of Rockford in the 1974 proceedings. In essence, he collaterally attacks that decree. We know of no basis upon which Lara can be heard here to complain collaterally of a decree affecting real estate which he purchased subsequent to the entry of the decree. If he has the requisite interest to be heard, it must be in a proceeding in the state court to set aside the decree.

Lara's second ground for complaint, *i. e.,* that HUD breached its contract with him, is clearly collateral to the principal issues between the City of Rockford and HUD. Intervention or joinder here is not the appropriate vehicle for Lara to present those complaints. If the Government has breached its contract with him, he has an appropriate action. *See* 28 U.S.C. § 1346(a)(2).

The petition of Genaro Lara to join the action as a plaintiff pursuant to Rule 20, Fed.R.Civ.P., which we have treated as a petition for permissive intervention under Rule 24(b), Fed.R.Civ. P., is denied without prejudice to Lara maintaining an appropriate state court attack on the 1974 demolition decree and an appropriate action against the United States for breach of contract.

---

1. The petition does not clarify the substance of the decree. Presumably the City of Rockford requested the same relief sought in its action here.