FUGAZY CONTINENTAL CORP. OF CONNECTICUT

v.

NATIONAL LABOR RELATIONS BOARD.

NATIONAL LABOR RELATIONS BOARD

v.

SHORTWAY LINES, INC. et al.

FUGAZY CONTINENTAL CORP. OF CONNECTICUT

v.

NATIONAL LABOR RELATIONS BOARD.

Nos. CV–80–2331, CV–80–2886 and CV–80–2968.

United States District Court, E. D. New York.

Feb. 26, 1981.

Milman, Naness & Pollack by Sanford Pollack, Hewlett, N. Y., for plaintiff.

Sarah Ellen Siskind, Brooklyn, for N. L. R. B.

## MEMORANDUM OF DECISION AND ORDER

COSTANTINO, District Judge.

The above captioned actions arise out of proceedings presently before the National Labor Relations Board ("NLRB"). Multiple claims have been raised by both the NLRB and Fugazy Continental Corporation of Connecticut ("Fugazy"). Specifically, the NLRB has requested that an order by this Court be issued which requires Shortway Lines, Inc. ("Shortway"), Holland Industries, Inc. ("Holland"), Dell Bus Co., Inc. ("Dell"), and Michael Margolies, an individual ("Margolies"), to comply with certain NLRB subpoenas; Fugazy, Shortway and Holland have opposed this motion, and in addition, Fugazy has moved for the following additional relief: (1) that the NLRB hearings be permanently stayed to the extent they affect or will affect Fugazy's alleged liability under the federal labor act; (2) that Fugazy's motion to intervene as a respondent in the NLRB application for subpoena enforcement be granted; and (3) that the NLRB's request for subpoena enforcement be stayed so that Fugazy may have an opportunity to argue and receive rulings on the sufficiency of service and the relevancy of materials sought in said subpoenas. For the reasons stated herein, the Court grants the NLRB's request for subpoena enforcement and must deny all of Fugazy's requests.

Two related unfair labor practice cases are presently before the NLRB. The purpose of one such proceeding is to determine

the liability of various enterprises under an unfair labor practice order issued by the NLRB and enforced by the Second Circuit Court of Appeals.[1] These enterprises are alleged to be the successors and *alter egos* of the predecessor corporation, Airport Bus Services, Inc. ("Airport"). In that capacity, the enterprises are alleged to be jointly and severally liable for the prior unfair labor claims.

The second proceeding is to determine the merits of certain additional and continuing unfair labor practice allegations made by the NLRB against Airport and its alleged successors and *alter egos*.[2] A hearing in this latter case is presently in progress. The two proceedings represent a forum in which to resolve, *inter alia*, the allegations of successorship and *alter ego* status, continuing unfair labor practices, and joint and several liability for unfair labor practices of the predecessor corporation.

In the first action filed before this Court, Fugazy seeks to stay the presently pending NLRB hearings in Case Nos. 29–CA–5134, 5148, 6185, 6251, 7154. To this end, Fugazy interposes two defenses, to wit, (1) that the untimely submission of a proof of claim by the Board, as a matter of federal bankruptcy law, bars a claim against Airport Bus, and thus, Fugazy, and (2) the Bankruptcy Court's Order regarding the sale of assets by Holland to Fugazy effectively absolved Fugazy of liability with regard to any backpay claims of the NLRB.

▮▮ It is well established that interlocutory rulings of the NLRB in the course of proceedings involving unfair labor practices may not be considered by federal District Courts. *Myers v. Bethlehem*, 303 U.S. 41,

58 S.Ct. 459, 82 L.Ed. 638 (1938); *United Aircraft Corp. v. McCulloch*, 365 F.2d 960 (D.C. Cir. 1966). Here, Fugazy's attempt to enjoin the NLRB proceedings regarding unfair labor claims and to obtain federal District Court review is foreclosed under the National Labor Relations Act. 29 U.S.C. § 151 *et seq.* *See Board of Trustees of Memorial Hospital of Fremont County v. NLRB*, 523 F.2d 845 (10th Cir. 1975); *NLRB v. Scenic Sportswear*, 475 F.2d 1226 (6th Cir. 1973); *Bokat v. Tidewater Equipment Co.*, 363 F.2d 667 (5th Cir. 1966). Fugazy's claims do not establish jurisdiction in the federal District Court. The instant case does not fall within the exceptions to the general principle of non-reviewability of NLRB proceedings by district courts. *See Leedom v. Kyne*, 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210 (1958).

In the second action before this court, the NLRB seeks a court order requiring Shortway, Holland, Dell, and Margolies, an individual, to comply with certain subpoenas pursuant to 29 U.S.C. § 161(1). This court finds that the subpoenaed material is neither plainly incompetent nor irrelevant to the NLRB hearings. *See NLRB v. Cowan and Co., Inc.*, 522 F.2d 26 (2d Cir. 1975).

Fugazy, however, has moved this court for leave to intervene as a respondent in the subpoena enforcement proceeding. In addition, it has filed a separate action, CV–80–2968, in which it requests that the order for subpoena enforcement be stayed until Fugazy has had the opportunity to argue and receive rulings by the ALJ on the sufficiency of service and the relevancy of materials sought in the subpoenas.

1. This case is a supplemental proceeding to determine whether certain named respondents are jointly and severally liable to remedy the unfair labor practices of the predecessor corporation. *See* NLRB Consolidated Case Nos. 29–CA–5134 and 29–CA–5148: Airport Bus Service, Inc., and its Successors and *Alter Egos* Shortway Lines, Inc., Cross County Coach Corp., Dell Transportation Service, Manpower and Maintenance, Inc., Holland Industries, Inc., Fugazy Continental Corporation of Connecticut, and Albert Altesman, Trustee in Bankruptcy. An Administrative Law Judge found that

certain unfair labor practices had been committed; the findings were sustained and reduced to an Order by the NLRB; a Judgment Enforcing the Order was issued by the Second Circuit Court of Appeals on September 15, 1978.

2. This case is entitled Airport Bus Service, Inc. and its Successors and *Alter Ego* Shortway Lines, Inc., Cross County Corp., Dell Transportation Service, Manpower and Maintenance, Inc., Holland Industries, Inc., and Fugazy Continental Corp. of Connecticut, Case Nos. 29–CA–6185, 6251, and 7174.

Fugazy argues that as the alleged *alter ego* of the Respondents named in the NLRB subpoenas, it should enjoy the same standing and right to argue subpoena revocation before the ALJ. Moreover, Fugazy maintains that it was entitled to be served with all subpoenas issued to the *alter ego* and/or *successor* co-Respondents, and finally, that it had an absolute right to argue the question of relevancy relative to any subpoena served upon such co-Respondents.

■ A district court must be reticent to examine alleged procedural irregularities in the underlying administrative proceedings insofar as piecemeal appeals will disrupt the resolution of labor disputes. *NLRB v. Dutch Boy, Inc., Glow Lite Div.,* 606 F.2d 929, 933 (10th Cir. 1979); *NLRB v. Cowan and Co., Inc.,* 522 F.2d 26, 28 (2d Cir. 1975); *NLRB v. Williams,* 396 F.2d 247, 249 (7th Cir. 1968); *NLRB v. C.C.C. Associates, Inc.,* 306 F.2d 534, 538 (2d Cir. 1962); *Storkline v. NLRB,* 298 F.2d 276, 277 (5th Cir. 1962).

Here, Fugazy has not been named or served with the subpoenas in question. Indeed, during oral argument in court, Fugazy stated that it neither owned nor possessed the subpoenaed materials. Yet Fugazy argues that insofar as an *alter ego* employer is the same employer under a new name, it enjoys, or should enjoy, the same standing as its co-Respondents. Fugazy further asserts that its rights will be unalterably prejudiced if the opportunity to argue the relevancy of the co-Respondent's subpoenas is foreclosed.

■ This court finds, that at this stage of the proceeding, judicial intervention is unwarranted. Fugazy will have the opportunity to demonstrate prejudicial error in the administrative proceedings upon appeal from the final order of the Board. *See NLRB v. Dutch Boy, Inc., Glow Lite Div., supra* at 933; *NLRB v. C.C.C. Associates, Inc., supra* at 538. Further, Fugazy will have the right to argue the relevancy of any subpoenaed materials which are introduced as evidence during the course of the labor hearings. This court finds that, under the standards of District Court inquiry in subpoena enforcement, the requirements of

the National Labor Relations Act have been satisfied, 29 U.S.C. § 161(1), and accordingly, the subpoenas must be enforced.

■ The Court is also cognizant that there is no provision in the National Labor Relations Act for parties not under subpoena to petition to revoke subpoenas served on others. Indeed, it is well settled that a person has no Fourth Amendment basis for challenging subpoenas directed at the business records of a third party. *See, e. g., United States v. Miller,* 425 U.S. 435, 96 S.Ct. 1619, 48 L.Ed.2d 71 (1976); *Donaldson v. United States,* 400 U.S. 517, 91 S.Ct. 534, 27 L.Ed.2d 580 (1971); *First National Bank v. United States,* 267 U.S. 576, 45 S.Ct. 231, 69 L.Ed. 796 (1925); *Reporters Committee For Freedom of the Press v. American Telephone & Telegraph Co.,* 593 F.2d 1030 (D.C. Cir. 1978), *cert. denied,* 440 U.S. 949, 99 S.Ct. 1431, 59 L.Ed.2d 639 (1979); *United States v. Schutterle,* 586 F.2d 1201 (8th Cir. 1978); *United States v. House,* 524 F.2d 1035 (3d Cir. 1975); *United States v. Continental Bank & Trust Co.,* 503 F.2d 45 (10th Cir. 1974); *Application of Cole v. Franklin National Bank,* 342 F.2d 5 (2d Cir.), *cert. denied,* 381 U.S. 950, 85 S.Ct. 1803, 14 L.Ed.2d 723 (1965). *Cf. California Bankers Ass'n v. Schultz,* 416 U.S. 21, 94 S.Ct. 1494, 39 L.Ed.2d 812 (1974); *Wilson v. United States,* 221 U.S. 361, 31 S.Ct. 538, 55 L.Ed. 771 (1911).

■ In point of fact, the courts have not taken an expansive view of standing; instead, they have located its boundaries within a personal and introspective setting. *See generally United States v. Salvucci,* 448 U.S. 83, 100 S.Ct. 2547, 65 L.Ed.2d 619 (1980); *United States v. Payner,* 447 U.S. 727, 100 S.Ct. 2439, 65 L.Ed.2d 468 (June 23, 1980); *Rakas v. Illinois,* 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978); *Alderman v. United States,* 394 U.S. 165, 89 S.Ct. 961, 22 L.Ed.2d 176 (1969). Thus, it is submitted that it is now for the legislature, and not for the courts, to broaden the scope of standing in the context of the National Labor Relations Act. *See, e. g.,* 26 U.S.C. § 7609.

Finally, the Court is unconvinced that Fugazy has established the grounds for intervention as of right or for permissive intervention. Fed.R.Civ.P. 24(a), (b). As admitted in court, Fugazy has neither ownership nor possession of the subpoenaed materials. The subpoenas direct specific entities to produce documents in their possession which are allegedly relevant to the issues involved in a pending unfair labor practice proceeding.

■ Fugazy has established neither a claim of privilege nor a proprietary interest in the subpoenaed records. Instead, it asserts a right to intervene in the subpoena enforcement proceeding, merely by virtue of its status as a co-Respondent and alleged *alter ego* in the administrative proceeding. With this proposition, the Court cannot agree. *See generally United States Postal Service v. Brennan*, 579 F.2d 188 (2d Cir. 1978); *Commonwealth Edison Co. v. Train*, 71 F.R.D. 391 (N.D.Ill.1976). A putative intervenor must demonstrate an interest relating to the property which is the subject of the action; the mere assertion that the examination of third party records may unearth incriminating evidence is not sufficient to invoke Rule 24. *See Donaldson v. United States*, 400 U.S. 517, 91 S.Ct. 534, 27 L.Ed.2d 580 (1971).

The Court also is not convinced that the enforcement of the subpoenas will impair Fugazy's ability to protect its interest or that Fugazy, in this matter, will be inadequately represented by the subpoenaed parties. *See generally United States Postal Service v. Brennan, supra; Commonwealth Edison Co. v. Train, supra.* Fugazy will have ample opportunity to inspect and oppose the admission of any document into evidence during the course of the pending administrative hearing.

Accordingly, the Court must deny Fugazy's motion to intervene pursuant to either Rule 24(a) or (b). Fed.R.Civ.P. 24. Finally, this Court will enforce the subpoenas in light of the fact that (1) they are seeking information neither irrelevant nor plainly incompetent and (2) the information relates to matters under investigation.

In addition, this Court will not remand the subpoena enforcement proceeding to the administrative forum and will not stay the administrative hearings on the unfair labor claims.

So Ordered.