KANSAS CITY TERMINAL RAILWAY COMPANY, a Corporation, Plaintiff,

v.

BASIC GRAIN, INC., Defendant.

KANSAS CITY TERMINAL RAILWAY COMPANY, a Missouri Corporation, Plaintiff,

v.

COLLINGWOOD GRAIN, INC., Defendant.

KANSAS CITY TERMINAL RAILWAY COMPANY, a Corporation, Plaintiff,

v.

FAR–MAR–CO., INC., Defendant.

Nos. 81–4241, 81–4244 and 81–4242.

United States District Court, D. Kansas.

Feb. 9, 1982.

Michael E. Francis, Davis & Bennett, Topeka, Kan., Daniel S. Linhardt, I. C. C., Washington, D. C., for plaintiffs in all cases.

G. C. Petersen, Barrington Hills, Ill., for defendant in No. 4241.

H. Newlin Reynolds, Reynolds, Smith, Pierce, Forker, Suter & O'Neal, Hutchinson, Kan., for defendant in No. 4244.

Richard L. Hathaway, Hutchinson, Kan., for defendant in No. 4242.

## ORDER

ROGERS, District Judge.

In each of the above-captioned cases, plaintiff seeks to recover unpaid freight charges resulting from its operation of the Rock Island Railway Line. Plaintiff was ordered to take over operation of the Rock Island Line by the Interstate Commerce Commission. As part of the order, the I.C.C. agreed to reimburse plaintiff's losses in the operation of the Line.

These cases are now before the court upon I.C.C.'s motion to intervene under Fed.R.Civ.P. 24(a)(2) or 24(b). Before intervention is permitted under Rule 24(a)(2), four prerequisites must be established: 1) the application must be timely; 2) the applicant must claim "an interest relating to the property or transaction which is the subject of the action"; 3) the applicant must be "so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest"; and 4) it must be shown that the applicant's interest will not be "adequately represented by existing parties." *Moosehead Sanitary Dist. v. S. G. Phillips Corp.*, 610 F.2d 49, 52 (1st Cir. 1979); *Brown v. Board of Education*, 84 F.R.D. 383, 396 (D.Kan.1979) (and cases cited therein). The Tenth Circuit has adopted a liberal attitude in favor of intervention. *National Farm*

*Lines v. I. C. C.,* 564 F.2d 381, 384 (10th Cir. 1977).

■ These cases have only recently been initiated. There has been no charge of prejudice from the proposed intervention by the defendants. In fact, none of the defendants have raised any timely opposition to the motions for intervention. Therefore, we believe the motion for intervention has been timely filed.

The second and third prerequisites for intervention are also easily determined. The I.C.C. must reimburse plaintiff for all losses incurred because of the operation of the Rock Island Line. If plaintiff fails to collect the freight charges alleged in the complaint, the I.C.C. will have to reimburse plaintiff.

The issue which remains is whether the I.C.C.'s interest is adequately represented by plaintiff. This requirement is satisfied "if the applicant shows that representation of his interest 'may be' inadequate; and the burden of that showing should be treated as minimal." *Trbovich v. United Mine Workers,* 404 U.S. 528, 538 n. 10, 92 S.Ct. 630, 636 n. 10, 30 L.Ed.2d 686 (1972).

The applicant in this case has stated: "[I]t is self-evident that as a private entity KCT [the plaintiff] can not protect the interest of the public or the Government." A somewhat analogous statement was made by the Tenth Circuit in *National Farm Lines v. I. C. C., supra.* There, the circuit overruled the denial of intervention to common carriers who wished to support the constitutionality of parts of the Interstate Commerce Act. The court determined that the I.C.C.'s support of the Act might be inadequate to protect the interests of private proprietors.

> We have here ... the familiar situation in which the governmental agency is seeking to protect not only the interest of the public but also the private interest of the petitioners in intervention, a task which is on its face impossible. The cases correctly hold that this kind of conflict

satisfies the minimal burden of showing inadequacy of representation.

564 F.2d at 384. We assume if government may not adequately represent private interests in the litigation of a constitutional question, then a private entity may not adequately represent the public interest in determining whether a freight charge is due in the instant case.[1]

We therefore believe that I.C.C. has sufficiently demonstrated that the representation of its interests may be inadequate to allow intervention under Fed.R.Civ.P. 24(a)(2).

IT IS THEREFORE ORDERED that the motions to intervene in the above-captioned cases be granted.

IT IS SO ORDERED.

---

1. Another similarity between this case and *National Farm Lines v. I. C. C., supra,* is that the petitioners in intervention in both cases have asserted expertise and experience in the business in question which might be helpful to the court.