KIMBERLY A. CORCORAN & another[1] *vs.* WIGGLESWORTH MACHINERY COMPANY & another;[2] GENRAD, INC.,[3] third-party defendant. May 3, 1983. *Practice, Civil,* Intervention.

Judith Corcoran appeals from the denial of her motion to intervene as a party plaintiff under Mass. R. Civ. P. 24 (b), 365 Mass. 769 (1974). On April 5, 1978, Kimberly A. Corcoran, daughter of Judith Corcoran, commenced an action for negligence and breach of warranty against the Wigglesworth Machinery Company and W.H. Nichols Company for injuries

---

[1] Judith Corcoran.

[2] W.H. Nichols Company.

[3] Formerly General Radio Co.

suffered on July 9, 1974, while operating an electric milling machine. On May 29, 1981, Judith Corcoran filed her first motion under Mass. R. Civ. P. 24 (b) to intervene, alleging that the defendant's negligence deprived her of her daughter's care, comfort, companionship, and society. On July 3, 1981, a judge of the Superior Court denied the motion without prejudice. On December 23, 1981, Judith Corcoran filed a second motion under Mass. R. Civ. P. 24 (b), alleging that the defendant's negligence deprived her of her daughter's services and caused her to incur expenses and to perform labor in nursing and caring for her daughter. On December 31, 1981, a judge of the Superior Court denied the motion. A timely notice of appeal was filed, and we transferred the case here on own motion.

Judith Corcoran's primary contention is that her claim is barred by the statute of limitations unless she is allowed to intervene. She argues that it was an abuse of discretion to deny her motion, given this circumstance.

Whether a party should be allowed to intervene is a matter that is largely left to the discretion of the judge below. Mass. R. Civ. P. 24 (b). *Boston Licensing Bd.* v. *Alcoholic Beverages Control Comm'n*, 367 Mass. 788, 792-793 (1975).

In considering such a motion, the judge must pass, at the outset, on whether the motion is timely. Timeliness turns in part on: "(1) whether the applicant had the opportunity to intervene at an earlier stage of the litigation; (2) whether delay engendered by intervention at the particular stage of litigation will prejudice existing parties; and (3) the applicant's particular need to intervene" (footnotes omitted). J.W. Smith & H.B. Zobel, Rules Practice § 24.4, at 164-165 (1975). The judge could have found, on the facts before him, that the motion was not timely.

No adequate reason appears to explain the delay in filing a motion to intervene. First, Judith Corcoran's second motion to intervene was filed more than three years after the original action began and five months after her first motion to intervene was denied without prejudice. Her delay in seeking the advice of counsel does not excuse the lateness of her motion. Second, permitting intervention could have delayed the adjudication of the rights of the original parties. Discovery and other pretrial matters, which were largely complete, would have had to have been reopened, pushing back any potential trial date. Third, the motion to intervene and the accompanying memorandum failed to show how the applicant would benefit from entering the action. While we do not express any views on the point, Corcoran did not indicate to the trial judge why her claim would not be dismissed as time barred prior to the filing of the daughter's complaint. A three-year statute of limitations applied, since her claim sounded in tort. G. L. c. 260, § 2A. She did not argue that the minority of her daughter inured to her benefit under G. L. c. 260, § 7. See *Gaudette* v. *Webb*, 362 Mass. 60, 72 (1972). The

claim therefore appeared to have been barred on July 9, 1977, a date prior to the filing of the daughter's complaint.

*Order denying motion to intervene affirmed.*

*Jonathan C. Young* for Judith Corcoran.

*Joan B. Gozonsky (Mary Allen Wilkes, Joel F. Pierce & Lawrence G. Cetrulo* with her) for Wigglesworth Machinery Company & others.