Luther Kevin **CUNNINGHAM**, Plaintiff,

v.

Larry **ROLFE** and Carol Bringhurst, Applicants for Intervention,

v.

**SUBARU OF AMERICA, INC.**, et al., Defendants.

Civ. A. No. 85–2621–S.

United States District Court, D. Kansas.

June 4, 1990.

---

Gary C. Robb, Anita Porte Robb, Robb & Robb, Kansas City, Mo., Gerald T. Elliott, Gerald T. Elliott Law Firm, Overland Park, Kan., for plaintiff.

Thomas O. Baker, Mary–Michael Kelly, Thomas N. Sterchi, James T. Seigfreid, Baker & Sterchi, Kansas City, Mo., for defendants.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on several related motions. First, Larry Rolfe and Carol Bringhurst, presently plaintiffs in an action against defendants pending in the United States District Court for the Dis-

trict of Utah, move to intervene in this action, concluded by a Final Protective Order on February 13, 1989, for purposes of gaining access to information produced in *Cunningham.* Second, Rolfe and Bringhurst (hereafter, "applicants"), move to vacate or modify the Final Protective Order entered in *Cunningham.*

With regard to the pending motions other than applicants' motion to intervene, the court finds that defendants' motion to disqualify applicants' local counsel must be denied as moot, because an order granting applicants' local counsel's motion to withdraw was entered on February 27, 1989. The court also finds that defendants' motion to file a surreply in opposition to applicants' motion to intervene should be denied as beyond the scope of pleadings contemplated by local rule, D.Kan. 206(b), and as unnecessary to the determination of applicants' motion to intervene. Further, because the court finds that defendants' have not shown that the Final Protective Order entered in this case has been violated by applicants, defendants' motion to compel source should also be denied.

Rolfe and Bringhurst, applicants for intervention, seek to intervene in the above-captioned action, pursuant to Fed.R.Civ.P. 24. Rule 24 of the Federal Rules of Civil Procedure provides for two forms of intervention, stating as follows:

> **(a) Intervention of Right.** Upon timely application anyone shall be permitted to intervene in an action: ... (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.
>
> **(b) Permissive Intervention.** Upon timely application anyone may be permitted to intervene in an action: ... (2) when an applicant's claim or defense and the main action have a question of law or fact in common ... In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

The background to applicants' motion can be briefly summarized as follows. The above-captioned suit by plaintiff Luther Cunningham against defendants Subaru of America, Inc. ("SOA") and Fuji Jukogyo Kabushiki Kaisha ("Fuji") (collectively referred to as "defendants") was originally filed in this court on July 15, 1985. At trial, the jury returned a verdict in favor of the plaintiff. This court, however, granted defendants' motion for a new trial on the ground that the jury's verdict was against the weight of the evidence. *Cunningham v. Subaru of America, Inc.,* 684 F.Supp. 1567 (D.Kan.1988). On February 13, 1989, *Cunningham* was effectively concluded when, in conjunction with plaintiff's stipulation of dismissal of his action with prejudice and upon the joint motion of the parties, the court entered a Final Protective Order.

On May 4, 1988, applicants initiated a separate action against defendants SOA and Fuji in the United States District Court for the District of Utah, i.e., *Rolfe v. Subaru of America, Inc.,* No. 88C–693W. In the course of their Utah action, applicants have sought discovery of information produced in *Cunningham.* Although both *Rolfe* and *Cunningham* are product liability cases involving the Subaru "Brat," the types of accident and injuries involved in each case is different. In *Cunningham,* plaintiff contended that he suffered a fractured vertebrae as a result of being bounced on the rear seat of the Brat while riding as an unbelted passenger while the Brat was being driven on "bumpy" off-road terrain. In *Rolfe,* plaintiff claims that, while an unbelted passenger riding in a rear-facing seat of the Brat, he suffered a fractured skull, internal injuries, and loss of control of his left arm and leg as a result of the vehicle rolling over onto him when the driver of the vehicle fell asleep or unexplainably lost control of the vehicle on a smooth interstate highway.

Upon examination of applicants' motion to intervene, the court finds that it

should be denied for several reasons. First, the court finds that applicants are not entitled to intervention as a matter of right. Under Fed.R.Civ.P. 24(a), intervention as of right is allowed only if four prerequisites are met. First, the application must be timely. Second, the applicant must claim an "interest relating to the property or transaction which is the subject matter of the action." Third, the applicant must be so "situated that the disposition of the action may as a practical matter impair or impede" the applicant's ability to protect his or her interest. Fourth, it must be shown that the applicant's interest will not be "adequately represented by existing parties." Fed.R.Civ.P. 24(a)(2); *Kansas City Terminal Ry. Co. v. Basic Grain, Inc.*, 93 F.R.D. 515, 516 (D.Kan.1982). If an applicant fails to establish any one of these requirements, then he or she may not intervene in an action as a matter of right. *National Union Fire Ins. Co. v. Continental Ill. Corp.*, 113 F.R.D. 532, 534 (N.D. Ill.1986) (citing *Keith v. Daley*, 764 F.2d 1265, 1268 (7th Cir.), *cert. denied*, 474 U.S. 980, 106 S.Ct. 383, 88 L.Ed.2d 336 (1985)).

■ Even assuming, for the moment, that applicants' motion is timely, the court finds that the second element of the above test is not met since applicants have no interest in the subject matter of *Cunningham*, which was plaintiff Cunningham's tort claim; applicants' interest in using the documents produced in *Cunningham* to prosecute their suit in Utah is completely collateral to plaintiff Cunningham's claims in the above-captioned suit. The court also finds that applicants have not satisfied the third element of the Rule 24(a)(2) test as they have not demonstrated that denial of their motion to intervene will impair or impede their ability to proceed in their Utah suit; the court finds that applicants have shown no reason why the discovery process available to them through the federal district court in Utah cannot adequately address their discovery needs. Because applicants have not met all of the requirements for intervention as a matter of right, the court finds that applicants' motion to intervene under Rule 24(a) must be denied.

■ Second, the court finds that applicants should not be allowed to intervene under Rule 24(b). Permissive intervention is within the sound discretion of the trial court; the trial court's decision to grant or deny permissive intervention will not be addressed absent clear abuse of discretion. *See Shump v. Balka,* 574 F.2d 1341, 1345 (10th Cir.1984). As the above-quoted language of the Rule indicates, intervention under Rule 24(b)(2) may only be permitted when an applicant's claim or defense and the main action have a question of law or fact in common. The court finds that applicants have not shown that their attempt to intervene is contemplated by the rule allowing permissive intervention since applicants attempt to intervene solely for the purpose of modifying or vacating the Final Protective Order entered in *Cunningham*. This purpose is, as the court has previously stated, collateral to the merits of the substantive claims and defenses raised in *Cunningham*. Further, applicants have not demonstrated the existence of a question of law or fact common both to the claim or defense they purport to raise and those asserted in *Cunningham*. As the court has stated, the question of the propriety of the Final Protective Order entered in *Cunningham* is collateral to any legal questions raised by plaintiff Cunningham's substantive tort claims; moreover, the existence of common factual questions is unlikely since the accident scenarios underlying the two actions are different. *See generally Rockford v. Secretary of Housing and Urban Dev.*, 69 F.R.D. 363 (N.D.Ill.1975) (stating that intervention may be denied if the intervenor raises collateral or extrinsic issues, even though the petition raises a common question of law or fact).

■ The court further finds that even if applicants could demonstrate that they have somehow met the requirements of Rule 24(b), the applicants' motion should be denied under the court's broad discretion to deny permissive intervention. *See New Orleans Public Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 471 (5th Cir.), *cert. denied*, 469 U.S. 1019, 105 S.Ct. 434, 83 L.Ed.2d 360 (1984). First, the court

finds that allowing intervention would be prejudicial to the original parties in this action, since the *Cunningham* litigation was only concluded by virtue of the parties' agreement on the Final Protective Order, an order which applicants now seek to disturb. Prejudice to the original parties is a recognized basis for denying permissive intervention. *See* Fed.R.Civ.P. 24(b); *Sanguine, Ltd. v. United States Dept. of Interior,* 736 F.2d 1416, 1418 (10th Cir.1984). The court also finds that judicial economy, as well as the justified expectations to the original parties to *Cunningham* and to the agreed-upon Final Protective Order, weigh strongly against applicants' motion.

Second, the court finds that applicants' motion is generally untimely under the circumstances presented in this case. As stated in Rule 24, timely application is a prerequisite to either type of intervention. In this particular case, the action in which applicants seek to intervene has been resolved, an order of dismissal being entered by the court on February 13, 1989. Therefore, because it comes after final judgment, applicants' motion to intervene requires a strong showing of entitlement or justification for failure to request justification sooner, neither of which have been shown here. *See United States v. Associated Milk Producers, Inc.,* 534 F.2d 113, 116 (8th Cir.), *cert. denied,* 429 U.S. 940, 97 S.Ct. 355, 50 L.Ed.2d 309 (1976) (citations omitted).

Finally, the court finds that applicants have failed to satisfy basic jurisdictional requirements for their motion to intervene. Applicants have not established (or even pleaded) an independent jurisdictional basis for their permissive intervention. *See, e.g., Harris v. Amoco Production Co.,* 768 F.2d 669, 675 (5th Cir.1985), *cert. denied,* 475 U.S. 1011, 106 S.Ct. 1186, 89 L.Ed.2d 302 (1986). Further, the court finds that applicants arguably lack standing to attack the *Cunningham* Final Protective Order because, among other things, they have not demonstrated that they have suffered any actual or threatened injury from this court's entry of the protective order. *See Oklahoma Hosp. Assoc. v. Oklahoma Pub. Co.,* 748 F.2d 1421, 1424 (10th Cir.1984),

*cert. denied,* 473 U.S. 905, 105 S.Ct. 3528, 87 L.Ed.2d 652 (1985) (citations omitted); *Mokhiber v. Davis,* 537 A.2d 1100, 1114–15 (D.C.App.1988) (a stranger to a case had no standing to attack protective orders as they pertain to discovery materials). For all of the above reasons, the court finds that applicants' motion to intervene should be denied. Because the court will not grant applicants' motion to intervene, the applicants' motion to vacate or modify the Final Protective Order entered in *Cunningham* is moot, and therefore, denied.

IT IS BY THE COURT THEREFORE ORDERED that the motion to intervene filed by Larry Rolfe and Carol Bringhurst is denied.

IT IS FURTHER ORDERED that the motion of Larry Rolfe and Carol Bringhurst to vacate or modify the Final Protective Order entered in this case on February 13, 1989, is also denied.

IT IS FURTHER ORDERED that defendants' motion to disqualify Shamberg, Johnson, Bergman and Goldman as local counsel for Larry Rolfe and Carol Bringhurst is now moot, and hereby denied.

IT IS FURTHER ORDERED that defendants' motion for leave to file a surreply to the motion to intervene filed by Rolfe and Bringhurst is also denied.

IT IS FURTHER ORDERED that defendants' motion to compel source is also denied.