**Luther Kevin CUNNINGHAM, Plaintiff,**

v.

**SUBARU OF AMERICA, INC. and Fuji Jukogyo Kabushiki Kaisha, Defendants.**

**Israel Echevarria, Applicant for Intervention.**

**Civ. A. No. 85–2621–DES.**

United States District Court, D. Kansas.

May 3, 1994.

Gary C. Robb, Anita Porte Robb, Robb & Robb, Kansas City, MO, Gerald T. Elliott, Gerald T. Elliott Law Firm, Overland Park, KS, for Luther Kevin Cunningham.

Thomas O. Baker, Mary–Michael Kelly, Thomas N. Sterchi, James T. Seigfreid, Baker & Sterchi, Kansas City, MO, John J. Jurcyk, Jeanne Gorman Rau, McAnany, Van Cleave & Phillips, Kansas City, KS, for Subaru of America, Inc., Fuji Jukogyo Kabushiki Kaisha.

Donald W. Vasos, Kansas City, KS, for intervening plaintiffs Larry Rolfe & Carl Bringhurst.

Susan Linden McGreevey, Husch & Eppenberger, Kansas City, MO, Edward Steinbrecher, Cohen & Steinbrecher, Encino, CA, for intervenor Israel Echevarria.

## MEMORANDUM AND ORDER

SAFFELS, Senior District Judge.

This matter is before the court on the motion of Israel Echevarria to intervene and to vacate or modify the protective order (Doc. 583).

The applicant is a plaintiff in a lawsuit filed in the Superior Court of Ventura County, California, captioned *Israel Echevarria v. Subaru of America, Inc., Fuji Heavy Ind., et al.*, Case No. 126806. Applicant alleges that he suffered personal injuries as a result of using a rear facing seat installed in the pickup bed of a 1980 Subaru Brat. He contends that his California suit raises many fact issues identical to those raised in the litigation in this court, in particular whether the installation of the rear facing seats in the pickup bed of the Subaru Brat constitute a design defect. Applicant further contends that the defendants to the California suit have intentionally destroyed documents related to the Subaru Brat, including all materials related to this litigation.

This matter was tried to a jury in 1987, resulting in a verdict for the plaintiff. This court thereafter granted the defendants' motion for new trial, primarily on the basis that the weight of the evidence presented to the jury did not support a finding that plaintiff's injuries were caused by the alleged defective

seats in the Subaru Brat. *See Cunningham v. Subaru of America, Inc.,* 684 F.Supp. 1567, 1572 (D.Kan.1988). On February 13, 1989, prior to retrial of the dispute, the parties entered into a settlement agreement, in part conditioned upon the entry of a protective order by this court pursuant to the joint motion of the parties. *See Cunningham v. Rolfe,* 131 F.R.D. 587, 589 (D.Kan.1990).

The applicant seeks to intervene in this matter for the purpose of modifying the protective order to obtain discovery materials. The defendants oppose the motion to intervene, contending that the applicant is not entitled to intervene as a matter of right, and that this court should exercise its discretion in favor of denying permissive intervention. Defendants further rely upon this court's previous decision denying a motion to intervene for the same purpose. *See id.*

■ The proper procedure for a non-party to follow in order to challenge a protective order is through intervention for that purpose. *United Nuclear Corp. v. Cranford Ins. Co.,* 905 F.2d 1424, 1427 (10th Cir.1990), *cert. denied sub nom. American Special Risk Ins. Co. v. Rohm & Haas Co.,* 498 U.S. 1073, 111 S.Ct. 799, 112 L.Ed.2d 860 (1991). The applicant, however, does not claim that he is entitled to intervene as a matter of right pursuant to Fed.R.Civ.P. 24(a). Plaintiff does not contend that any statute of the United States confers an unconditional right to intervene, or that he has an interest relating to the property or transaction that was the subject of the litigation in this court.

■ The court therefore concludes that the applicant's motion seeks permissive intervention pursuant to Fed.R.Civ.P. 24(b), which reads as follows:

**(b) Permissive Intervention.** Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common.... In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

The applicant does not rely upon any federal statute conferring a conditional right to intervene. Therefore, the applicant must demonstrate that his claim has a question of law or fact in common with the instant litigation in order to invoke the rule allowing permissive intervention.

Defendant argues that the applicant has not identified an issue of law or fact in common with those in this suit. The court notes that plaintiff Cunningham's claim alleged that he suffered a fractured vertebra as a result of bouncing on the rear seat of a Subaru Brat while riding as an unbelted passenger. Applicant, however, apparently alleges head injuries sustained as a result of a rollover accident involving a Subaru Brat, while he was a passenger in the rear seat. Hence, the facts of the two cases appear to be distinguishable. On the other hand, the Tenth Circuit has held that when a collateral litigant seeks permissive intervention solely for the purpose of obtaining access to discovery materials subject to a protective order, as in this case, a particularly strong nexus of fact or law between the two suits is not necessary. *United Nuclear Corp. v. Cranford Ins. Co.,* 905 F.2d at 1427 (citing *Meyer Goldberg, Inc. v. Fisher Foods, Inc.,* 823 F.2d 159, 164 (6th Cir.1987)). The fact that the applicant alleges a design defect in the rear-facing seat of the Subaru Brat provides a sufficient nexus with the instant action to allow the applicant to seek permissive intervention under Fed.R.Civ.P. 24(b)(2).

■ The applicant has not persuaded the court that modification of the protective order in this case would necessarily prevent repetitive discovery, given the factual differences between the two cases. Even assuming *arguendo* that an appropriate modification of the protective order as sought by the applicant would avoid repetition of Cunningham's discovery, modification nevertheless may be denied if it would "tangibly prejudice substantial rights of the party opposing modification." *See United Nuclear Corp.,* 905 F.2d at 1428 (quoting *Wilk v. American Medical Ass'n,* 635 F.2d 1295, 1299 (7th Cir.1980)).

This court has previously had occasion in this case to address a motion to intervene for the purpose of modifying the protective order to permit access to discovery documents. In *Cunningham v. Rolfe*, 131 F.R.D. 587, this court denied a motion to intervene filed by persons who were plaintiffs in an action then pending against the defendants in the United States District Court for the District of Utah. This court determined in its discretion that even if applicants could demonstrate the existence of a question of law or fact in common, modification of the protective order would be prejudicial to the defendants, a recognized basis for denying intervention. *Id.* at 590–91. Similarly, in regard to the pending application to intervene, the court finds that modification of the 1989 protective order would substantially prejudice the contractual rights of the defendants, who entered into a settlement agreement with plaintiff Cunningham conditioned in part upon the entry of the protective order, including the sealing of the court file in this matter.

█ This court does not read *United Nuclear Corp.* to diminish this court's discretion to deny the applicant's motion for permissive intervention under Rule 24(b)(2), particularly in light of the fact that this court has previously denied a motion to intervene grounded on virtually identical facts. In *United Nuclear Corp.* the Tenth Circuit simply affirmed the district court's discretionary *grant* of permissive intervention under Fed.R.Civ.P. 24(b). *See* 905 F.2d at 1426, 1429. Modification of a protective order, like its original entry, is within the discretion of the district court. *Id.* at 1427 (citing *Wyeth Laboratories v. United States District Court*, 851 F.2d 321, 323 (10th Cir.1988)). Further, *United Nuclear Corp.* specifically stated that permissive intervention is within the sound discretion of the district court, and its decision will not be disturbed absent a clear showing of abuse. *Id.* at 1427 (citing *Shump v. Balka*, 574 F.2d 1341, 1345 (10th Cir.1978)).

█ The court also notes that the applicant's motion to intervene was filed more than five years after this litigation was terminated. The court acknowledges that the Tenth Circuit has held that the concern underlying the timeliness prerequisite of Rule 24(b) is not present when the parties to the original lawsuit have settled their dispute and intervention is for a collateral purpose. *Id.* at 1427. Nevertheless, the fact that a significant amount of time has elapsed since the original lawsuit was settled, in this case five years, is a factor that may properly be considered when addressing a motion for permissive intervention, when weighed against the prejudice to the defendants associated with modifying the protective order. *See Banco Popular de Puerto Rico v. Greenblatt*, 964 F.2d 1227, 1230–31 (1st Cir.1992) (totality of circumstances determines timeliness of motion to intervene, including the settled status of the case at the time intervention is attempted); 7C Charles A. Wright, Arthur R. Miller & Mary K. Kane, *Federal Practice and Procedure: Civil 2d* § 1916, at 424–26, 444–51 (1986).

The court also notes that under the Judicial Improvements Act of 1990, which took effect December 1, 1990, it has the discretion to decline to exercise supplemental jurisdiction over a claim involving intervention of additional parties, where the court has dismissed all claims over which it has original jurisdiction. *See* 28 U.S.C. § 1367(a), (c)(3). As an alternative ground for denying applicant's motion for permissive intervention, the court declines to exercise supplemental jurisdiction over the applicant's claims, in the interest of maintaining the finality of the judicial proceeding between the original parties to this case.

**IT IS BY THE COURT THEREFORE ORDERED** that the motion to intervene and motion to vacate or modify protective order (Doc. 583) is hereby denied.