Luther Kevin **CUNNINGHAM**, Plaintiff,

v.

**SUBARU OF AMERICA, INC.,** and **Fuji Jukogyo Kabushiki Kaisha,** Defendants.

Israel Echevarria, Intervenor.

Civ. A. No. 85–2621–DES.

United States District Court, D. Kansas.

Aug. 9, 1994.

Gary C. Robb, Anita Porte Robb, Robb & Robb, Kansas City, MO, Gerald T. Elliott, Gerald T. Elliott Law Firm, Overland Park, KS, John J. Jurcyk, Jeanne Gorman Rau, McAnany, Van Cleave & Phillips, Kansas City, KS, for plaintiff.

Thomas O. Baker, Mary–Michael Kell, Thomas N. Sterchi, James T. Seigfre, Baker & Sterchi, Kansas City, MO, for defendants.

Donald W. Vasos, Kansas City, KS, intervenor, for Larry Rolfe & Carl Bringhurst.

Susan Linden McGreevey, Husch & Eppenberger, Kansas City, MO, Edward Steinbrecher, Cohen & Steinbrecher, Encino, CA, intervenor, for Israel Echevarria.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on intervenor's motion for relief from order (Doc. 595) pursuant to Federal Rule of Civil Procedure 60(b)(2). Intervenor previously moved to vacate or modify a protective order entered in the instant case. On May 2, 1994, the court entered a Memorandum and Order denying intervenor's motion. Intervenor seeks relief from the court's May 2, 1994, Order, 155 F.R.D. 205.

Intervenor argues that the court should grant him relief pursuant to Rule 60(b)(2) because, subsequent to the court's May 2, 1994, Memorandum and Order, he has obtained newly discovered evidence. Specifically, he argues that Subaru of America ("Subaru") has waived the benefits of the protective order by producing to him in discovery several items subject to the protective order. Subaru denies intervenor is entitled to relief pursuant Rule 60(b)(2).

In part, Rule 60(b)(2) provides as follows: **(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc.** On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: ... (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)....

To qualify for relief under Rule 60(b)(2), intervenor must satisfy five conditions: (1) the evidence was newly discovered since May 2, 1994; (2) he was diligent in discovering the new evidence; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence would produce a different result at a new hearing. *See Graham v. Wyeth Laboratories*, 906 F.2d 1399, 1416 (10th Cir.1990) (listing and applying the five factors).

After considering intervenor's arguments and submissions, the court concludes that he cannot satisfy the fifth prong. The court previously concluded that modifying the protective order would tangibly prejudice substantial rights of the party opposing modification. Intervenor's newly discovered evidence is not of such weight, or legal effect, that the court would reach a different result at a new hearing. Accordingly, the court finds intervenor is not entitled to relief pursuant to Rule 60(b)(2).

**IT IS BY THE COURT THEREFORE ORDERED** that intervenor's motion for relief from the May 2, 1994, Memorandum and Order (Doc. 595) is denied.