54 F.3d 787
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Luther Kevin CUNNINGHAM, Plaintiff,
v.
SUBARU OF AMERICA, INC. and Fuji Jukogyo Kabushiki Kaisha,
Defendants-Appellees,
Israel ECHEVARRIA, Intervenor-Appellant.
 No. 94-3287.
 United States Court of Appeals, Tenth Circuit.
 May 12, 1995.
 
 Before HENRY, McKAY, and LOGAN, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Appellant Israel Echevarria appeals from the district court's decision denying his motion for relief, under Fed.R.Civ.P. 60(b)(2), from the district court's decision denying his motion for permissive intervention, Fed.R.Civ.P. 24(b), and for the vacatur or modification of a protective order previously entered in this action. In 1989, as part of a settlement agreement reached between Luther Kevin Cunningham and defendants Subaru of America, Inc. and Fuji Jukogyo Kabushiki Kaisha, the district court entered a protective order sealing its proceedings. Five years later, appellant, the plaintiff in a California state court action involving the same type vehicle at issue in this litigation, sought to intervene in the instant case in order to have the protective order vacated or modified so that he could obtain discovery materials relevant to his California causes of action.
 
 
 3
 The district court denied appellant's motion for intervention and modification of the protective order, stating, among other reasons, that any modification would substantially prejudice defendants' contractual rights to enter into a settlement agreement based in part upon the entry of the protective order. Cunningham v. Subaru of Am., Inc., 155 F.R.D. 205, 208 (D. Kan.1994). Appellant then filed a Rule 60(b)(2) motion for relief from that decision based upon newly discovered evidence, asserting that defendants could no longer claim any prejudice from modification of the protective order because they had subsequently produced, in the California proceeding, portions of several documents covered by the protective order. The district court again denied appellant relief, determining that he had failed to establish that this newly discovered evidence would produce a different result at a new hearing. See generally Graham ex rel. Graham v. Wyeth Labs., 906 F.2d 1399, 1416 (10th Cir.) (discussing five conditions necessary for Rule 60(b)(2) relief), cert. denied, 498 U.S. 981 (1990). Appellant appeals from that determination.
 
 
 4
 This court will review the denial of Rule 60(b) relief only for an abuse of discretion. See id. at 1415. The decision to deny permissive intervention is also left to the district court's sound discretion and will not be disturbed absent a showing of clear abuse. United Nuclear Corp. v. Cranford Ins. Co., 905 F.2d 1424, 1427 (10th Cir.1990), cert. denied, 498 U.S. 1073 (1991).
 
 
 5
 "[W]here an appropriate modification of a protective order can place private litigants in a position they would otherwise reach only after repetition of another's discovery, such modification can be denied only where it would tangibly prejudice substantial rights of the party opposing modification. Once such prejudice is demonstrated, however, the district court has broad discretion in judging whether that injury outweighs the benefits of any possible modification of the protective order."
 
 
 6
 Id. at 1428 (quoting Wilk v. American Medical Ass'n, 635 F.2d 1295, 1299 (7th Cir.1980)).
 
 
 7
 The narrow issue presented by this appeal is whether the district court abused its discretion in determining that defendants' production of portions of documents covered by the protective order would probably have changed the district court's decision to deny appellant's motion for intervention and modification of the protective order. Appellant argues that defendants, "by producing a portion of the documents subject to the protective order, ha[ve] waived [their] right to argue that [their] contractual rights will be prejudiced by giving Echevarria access to the rest of the documents." Appellant's Br. at 7.
 
 
 8
 The district court considered appellant's newly discovered evidence, but, nonetheless, determined that appellant still had failed to establish that defendants' contractual rights would no longer be prejudiced by modification of the protective order. Appellant cannot cite to any authority that would compel a different result. We are unable to conclude that the district court abused its discretion in denying appellant Rule 60(b)(2) relief.
 
 
 9
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470