VOLTERRA, J.
INTRODUCTION
The present action, filed on May 9, 1996, seeks a declaratory judgment concerning which party, plaintiff Lars Bildman or defendant Astra USA, Inc., is entitled to the possession of certain documents. This matter is before the court on third party Pamela Zortman’s motion to intervene pursuant to Mass.R.Civ.P. 24. For the reasons discussed below, the motion to intervene is DENIED.
BACKGROUND
Lars Bildman (Bildman) is the President and CEO of Astra USA, Inc. (Astra), a New York corporation with its principal place of business in Westborough, Massachusetts. He has been suspended from these positions by Astra’s Board of Directors pending the outcome of an internal investigation of allegations of widespread sexual harassment at Astra, first raised by a reporter for Business Week magazine. On May 9, 1996, Bildman filed this declaratory judgment action, claiming the right to possession of certain documents that had been collected by a private investigator, Lars Magnusson, hired by Astra during the course of its internal investigation of the sexual harassment charges. The documents at issue are presently in the possession or control of Bildman’s attorneys, and Bildman has refused to comply with Astra’s demands that he return them to the company.
Pamela Zortman (Zortman), a former Astra employee, is the plaintiff in a pending lawsuit in Suffolk Superior Court entitled Pamela L. Zortman v. Lars Bildman and Astra USA, Inc., Civil Action No. 96-2529-B. Zortman’s suit seeks damages for breach of contract, fraud and misrepresentation, defamation and intentional infliction of emotional distress as a result of Bildman and Astra’s alleged breach of the confidentiality provisions of a January 5, 1996 settlement agreement under which Astra paid Zortman $100,000 in settlement of all tort, contract and statutory claims for sexual harassment, employment discrimination, retaliatory discharge, infliction of emotional distress, breach of contract and any and all other claims she may have had against Bildman and Astra.
Zortman now seeks to intervene in the present declaratory judgment action between Bildman and Astra on the grounds that her Suffolk suit against Bildman and Astra for breach of the settlement agreement gives her a legally cognizable interest in the documents at issue here.
DISCUSSION
Massachusetts Rule of Civil Procedure 24(a) provides that upon timely application, “anyone shall be permitted to intervene in an action: (1) when a statute of the Commonwealth confers an unconditional right to intervene or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action, and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant’s interest is adequately represented by existing parties.” Mass.R.Civ.P. 24(a). Zortman does not claim a statutory right to intervene in the action between Bildman and Astra; rather, she claims an interest in the documents collected by Magnusson during Astra’s internal investigation of alleged sexual harassment at the company, which documents are the subject matter of the present suit for declaratory judgment.
In order to intervene as of right under Rule 24(a), Zortman must demonstrate that she has “a direct, substantial, and legally protectable interest” in the documents at issue. United States v. Metropolitan Dist. Comm’n, 754 F. Supp. 935, 939 (D. Mass. 1991). The mere fact that an applicant for intervention is mentioned in documents that are the subject matter of a dispute between third parties is clearly not enough of a direct, substantial, and legally protectable interest to justify intervention under Rule 24. Thus, where the IRS issued a summons to a law firm, directing it to produce business records concerning a certain attorney’s former employment, that attorney had no significantly protectable interest in the records which would justify his intervention, absent an assertion of some legally recognized evidentiary privilege.[1] United States v. Manchel Lundy & Lessin, 477 F. Supp. 326, 329-330 (E.D. Pa. 1979) [citing Donaldson v. United States, 400 U.S. 517 (1970)).
Similarly, in a suit brought by the NRLB to compel a company called Airport Bus Services to comply with certain subpoenas issued in an unfair labor practice proceeding, a successor company to Airport Bus Ser *398 vices had no right to intervene under Rule 24(a) in order to challenge the relevancy of the documents sought in the subpoenas. Fugazy Continental Corp. of Conn. v. National Labor Relations Board, 514 F.Supp. 718, 720-721 (E.D.N.Y. 1981). Given that the successor company had not been named or served with the subpoenas at issue, nor did it allege that it owned or possessed the subpoenaed documents, the court concluded that it lacked a legally protectable interest in the documents, stating that “the mere assertion that the examination of third party records may unearth incriminating evidence is not sufficient to invoke Rule 24.” Id. at 721-22. Finally, the court noted that the successor company would have ample opportunity to inspect and oppose the admissibility of the documents during the course of the pending administrative hearing. Id.
In the present case, Zortman asserts neither ownership nor authorship of the documents at issue in the declaratory judgment action. Moreover, it is unclear whether Zortman is even claiming that said documents make reference to her specifically. The only interest asserted by Zortman is that the documents contain information which potentially may be useful to her as a litigant in the pending Suffolk County suit against Bildman and Astra. Zortman thus appears to argue that she has a cognizable right to discover the contents of the documents under the rules of civil procedure, and that such right will be impaired if this Court awards possession and control of the documents to either Bildman or Astra; the implication being that Bildman and/or Astra may attempt to alter, conceal or destroy the documents prior to discovery in her Suffolk suit.
A trial judge has broad discretion in determining whether an applicant should be allowed to intervene in a particular action. Corcoran v. Wigglesworth Machinery Co., 389 Mass. 1002, 1003 (1983). In the present case, this Court cannot conclude that the rules of civil procedure confer upon Zortman a legally protectable interest in the documents at issue which would justify her intervention under Rule 24(a). See Cunningham v. Rolfe, 131 F.R.D. 587, 590 (D.Kan. 1990) (holding that the plaintiffs in a product liability case were not entitled to intervene in an earlier suit brought by different plaintiffs against the same automobile manufacturer, where the only interest asserted by the applicants for intervention was their interest in discovering documents produced in the earlier suit to use in prosecuting their own action). Notwithstanding our liberal discovery rules, there is no evidence before this Court that Zortman will be entitled to discovery of these documents, particularly in light of Astra’s assertion that many of the documents are subject to a work-product or attorney-client evidentiary privilege.[2] To the extent that the documents are indeed discoverable, Zortman will have ample opportunity for discovery in the normal course of the Suffolk litigation, regardless of the outcome of the present declaratory judgment suit.
Finally, Rule 24(b) provides that upon timely application, anyone may be permitted to intervene in an action: (1) when a statute of the Commonwealth confers a conditional right to intervene; or (2) when an applicant’s claim or defense and the main action have a question of law or fact in common." Mass.R.Civ.P. 24(b). The sole issue in the present dispute between Bildman and Astra is which of them is entitled to possession of the documents. Zortman’s claim against Bildman and Astra concerns an alleged breach of the confidentiality provisions of the January 5, 1996 settlement agreement among the parties. Accordingly, this Court concludes that there is no common question of law or fact which would justify Zortman’s permissive intervention in the present suit for declaratory judgment.
ORDER
For the foregoing reasons, it is hereby ORDERED that Pamela Zortman’s motion to intervene in the present action be DENIED.

It is undisputed that Zortman does not claim any eviden-tiaiy privilege that would entitle her to intervene in order to prevent disclosure of the documents.

Further, this Court gives no weight to Zortman’s vague and unsupported contention that either Bildman or Astra, or both, are likely to alter or destroy the documents in order to deprive Zortman of information relevant to her suit.