**ASBURY GLEN/SUMMIT LIMITED PARTNERSHIP, a North Carolina limited partnership having as its general partners: Karl Reid Hotaling, W.B. McGuire Jr., William F. Paulsen, Raymond V. Jones, John Moore, and John Gray, Plaintiffs,**

v.

**SOUTHEAST MORTGAGE COMPANY, and Southeast Banking Corp., Defendants.**

**Federal Deposit Insurance Corporation as Receiver for Southeast Bank, N.A., Intervening Defendant.**

**No. C–C–91–0304–P.**

United States District Court, W.D. North Carolina, Charlotte Division.

Oct. 7, 1991.

**1094**

A. Lee Hogewood III, John H. Culver III, Kennedy Covington Lobdell & Hickman, Charlotte, N.C., for plaintiffs.

J.T. Haley, Haley Sinagra & Perez, Miami, Fla., for intervenor FDIC.

Joseph R. Manning, John D. Hipes, Morris Manning & Martin, Atlanta, Ga., Richard Wilson, Perry Patrick Farmer & Michaux, Charlotte, N.C., for defendants.

### ORDER

ROBERT D. POTTER, District Judge.

THIS MATTER is before the Court on Motions of Intervening Defendant Federal Deposit Insurance Corporation ("FDIC"), filed on 2 and 3 October 1991, to Transfer Venue; to Dismiss, Without Prejudice, for Lack of Subject Matter Jurisdiction, or, in the Alternative, for Stay of Action and All Associated Proceedings; and to Continue Preliminary Injunction Hearing. Also before the Court is the Motion of Plaintiff, filed 3 October 1991, to Reconsider.

These matters were argued at a hearing on Plaintiff's Motion for Preliminary Injunction held by the Court on 3 October 1991. Appearing for Plaintiff were John H. Culver III, Alice C. Richey, and A. Lee Hogewood III, of Kennedy Covington Lobdell & Hickman. Appearing for Defendants Southeast Mortgage Company and Southeast Banking Corporation were Joseph R. Manning and John D. Hipes of Morris Manning & Martin. Also appearing as local Counsel for Defendant Southeast Mortgage Company was William Garrity of Perry Patrick Farmer & Michaux. Appearing for Intervening Defendant was J.T. Haley of Haley Sinagra & Perez. Appearing as local Counsel for Intervening Defendant was Tricia L. Townes of Ferguson, Stein, Watt, Adkins & Gresham.

### Discussion

As noted, there are now four Motions before the Court. In the interest of clarity, the Court will address each of these Motions separately and in the Order they were argued.

### Motion of Plaintiff to Reconsider

On 19 September 1991, Plaintiff filed a verified complaint and Motion for Preliminary Injunction. On 24 September 1991, the Court entered an Order providing for expedited discovery by the Plaintiff in preparation for a requested hearing. Further, on 25 September 1991, this Court ordered that arguments on the Motion of Plaintiff for Preliminary Injunction be heard on 3 October 1991. On 1 October 1991, the FDIC filed a Motion to Intervene as Receiver of Southeast Bank, N.A. The Court, on that same date, ordered that the FDIC be allowed to intervene.

Now, Plaintiff has moved the Court to reconsider its earlier Order allowing intervention. In support of its Motion, Plaintiff asserts that the FDIC cannot meet the requirements for Intervention of Right as those requirements are set out in Rule

24(a) of the Federal Rules of Civil Procedure.

In relevant part, Rule 24 provides:

**(a) Intervention of Right.** Upon timely application anyone shall be permitted to intervene in an action ... when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately protected by existing parties.

Fed.R.Civ.P. 24(a). Plaintiff does not contest that the disposition of this action may impair or impede the ability of the FDIC to protect any interest it might have in the transaction that is at the heart of this action. However, Plaintiff does assert that the interest of the FDIC in this transaction is insufficient to support intervention. Further, Plaintiff asserts that any interest the FDIC has in this transaction is adequately protected by the existing parties.

Plaintiff cites as authority for its position *Gould v. Alleco, Inc.,* 883 F.2d 281 (4th Cir.1989), *cert. denied,* 493 U.S. 1058, 110 S.Ct. 870, 107 L.Ed.2d 953 (1990). In *Gould,* a group of Allegheny Beverage Corporation stockholders sued that Corporation claiming violations of federal securities laws and state common law (the "Robinson action"). The parties ultimately agreed upon a settlement, which was presented to the class for consideration. *Id.* at 283. No class members objected, but a non-class member, a bond-holder of the Corporation, filed an "opposition." Immediately after filing this opposition, the bond-holder and others filed a complaint against Allegheny Beverage claiming violations of federal securities laws (the "Gould action"). *Id.* Subsequently, at a hearing called to review the proposed settlement in the Robinson action, the Gould action plaintiffs filed a Motion to Intervene in the Robinson action. *Id.*

In affirming the District Court's denial of intervention, the Fourth Circuit Court of Appeals noted that "every company's stockholders, bondholders, directors and employees have a stake in the outcome of any litigation involving the company, but this alone is insufficient to imbue them with the degree of 'interest' required for [intervention of right]." *Id.* at 285. It is upon this sentence that Plaintiff relies. Plaintiff's reliance, however, is misplaced. The *Gould* Court carefully limited its holding to the facts of the case before it. Central to its decision was the nature of the Robinson action: a class action in which the class members were seeking damages not as stockholders but as victims of allegedly fraudulent acts. *Id.* In these circumstances, the interest of a bond-holder in the Corporation, although superior—in a non-litigation context—to that of a stockholder, was insufficient to support intervention because any class recovery would be paid as damages, not stock distributions. *Id.*

In contrast to the facts in *Gould,* Southeast Mortgage Company is a wholly-owned subsidiary of Southeast Bank, N.A. The FDIC, as receiver of Southeast Bank, N.A., has a significant interest in Southeast Mortgage Company. This interest is much more direct and substantial than the interest of the bond-holder in *Gould.* It is simply unrealistic to compare the interest of typical "stockholders, bondholders, directors and employees" to the interest of the sole owner of a corporation. This Court does not believe the Fourth Circuit intended *Gould* to extend so far.

In addition, Plaintiff asserts that the existing Defendants adequately represent the interests of the FDIC. In arguments before the Court, Counsel for Defendants Southeast Mortgage Company and Southeast Banking Corporation, revealed that he must turn to Counsel for the FDIC for guidance and permission in the conduct of this litigation. Further, Counsel for the FDIC asserted that the interest of that organization is not limited to the liability of Southeast Mortgage Company to fund the loan at issue here. Rather, the FDIC also seeks to demonstrate the correct relationship of Southeast N.A. to Southeast Banking Corporation and Southeast Mortgage Company, a relationship the FDIC contends

Plaintiff has misconstrued. As such, the Court finds that the interest of the FDIC, although inherently linked with the interest of Southeast Mortgage Company, is separate and distinct, and therefore is not adequately represented by Defendants Southeast Mortgage Company and Southeast Banking Corporation.

### Motion to Transfer Venue

■ On 2 October 1991, the FDIC filed a Motion to Transfer Venue. In support of this Motion, the FDIC relies on Title 12, United States Code, section 94. That section provides:

Any action or proceeding against a national banking association for which the Federal Deposit Insurance Corporation has been appointed receiver, or against the Federal Deposit Insurance Corporation as receiver of such association, shall be brought in the district or territorial court of the United States held within the district in which that association's principal place of business is located, or, in the event any State, county, or municipal court has jurisdiction over such an action or proceeding, in such court in the county or city in which that association's principal place of business is located.

12 U.S.C. § 94. The FDIC argues that this section mandates transfer of this action to the United States District Court for the Southern District of Florida in Miami.

Plaintiff contends that this section is inapplicable to this matter. In support of its contention, Plaintiff notes that when this matter was filed, venue properly lay with this Court. Further, Plaintiff notes that the statute requires only that actions against failed national banking associations be *brought* in the district where the national banking association has its principal place of business. Plaintiff asserts that the statute does not require the transfer of cases to such district. Neither the FDIC nor Plaintiff cited authority in support of their respective positions.

■ As a general matter, it is true that "[t]he intervenor cannot question venue. By voluntarily bringing himself into the action he has waived his privilege not to be required to engage in litigation in that fo-

rum." 7C Wright, Miller, & Kane, *Federal Practice and Procedure*, § 1918 (2d Ed. 1986). However, this broad principle must be balanced against the Congressional intent evidenced by section 94. Courts have recognized that Congress intended to:

centraliz[e] the winding-up of banks much as the Bankruptcy Code draws into a single forum the winding-up of other firms. One court will oversee the receivership, conserving both judicial resources and the assets of the estate, which could dwindle as FDIC–Receiver retained law firms across the country ... educate many district judges about the status of a single bank.

*FDIC v. Hartford Ins. Corp.*, 877 F.2d 590, 593 (7th Cir.1989). In following the mandate of Congress, Courts have treated section 94 as a exceptionally powerful statute, one that must be applied over other, more general, venue provisions. *Id.* at 594.

■ Having considered carefully the arguments of the Parties and relevant legal authority, the Court concludes that transfer of this action is mandated. Section 94 would be of little import if it applied only to suits in which the failed bank was originally a party. Such a construction would substantially restrict the ability of the FDIC as intervenor to protect the interests reflected by section 94. Thus, section 94 must prevail over the more general rule of venue which prohibits an intervenor from challenging venue. *Nuerge v. Resolution Trust Corp.*, 762 F.Supp. 818 (N.D.Ind. 1991).

### Motion to Dismiss or Stay

■ On 3 October 1991, the FDIC moved the Court to dismiss or stay this action. In support of its Motion, the FDIC relies on Title 12, United States Code, section 1821. In relevant part, that statute provides:

(d)(12) Suspension of legal actions

(A) In general

After the appointment of a conservator or receiver for an insured depository institution, the conservator or receiver may request a stay for a period not to exceed—

(i) 45 days, in the case of any conservator; and

(ii) 90 days, in the case of any receiver,

in any judicial action or proceeding to which such institution is or becomes a party.

(B) Grant of stay by all courts required

Upon receipt of a request by any conservator or receiver pursuant to subparagraph (A) for a stay of any judicial action or proceeding in any court with jurisdiction of such action or proceeding, the court shall grant such stay as to all parties.

12 U.S.C. § 1821(d)(12). This statute clearly applies to this action. As such, the Court is obligated to impose a stay in this action. Pursuant to the statute, said stay shall remain in effect for ninety days.

### Motion to Continue

Finally, on 3 October 1991, the FDIC moved to continue the hearing the Court had set for that date. That Motion is now moot.

### Conclusion

Each of these Motions came before the Court at hearing on 3 October 1991. Following argument by the Parties, the Court ruled as to each Motion. This Order reduces those rulings to written form. Upon announcement of the Court's rulings, Plaintiff moved for permission to take an immediate Appeal and for stay of the Court's Order pending disposition of the Appeal. *See* 28 U.S.C. § 1292(b). The Court granted Plaintiff's Motion. However, the Court has been made aware that Plaintiff has chosen to withdraw this Motion. The Court has consented to withdrawal. As such, Plaintiff's Motion is now moot.

NOW, THEREFORE, IT IS ORDERED that:

1) the Motion of Plaintiff to Reconsider be, and hereby is, DENIED;

2) the Motion of Intervenor Defendant to Transfer Venue be, and hereby is, GRANTED. The Clerk is hereby ordered to TRANSFER this case file to: THE UNITED STATES DISTRICT COURT for THE SOUTHERN DISTRICT OF FLORIDA, MIAMI;

3) the Motion of the Intervenor Defendant for Stay be, and hereby is, GRANTED AS TO ALL PARTIES IN THIS ACTION; and

4) the Motion of Intervenor Defendant to Continue, be and hereby is, DENIED AS MOOT.