**COMMONWEALTH EDISON COMPANY, an Illinois Corporation, et al., Plaintiffs,**

v.

**Russell E. TRAIN, as Administrator, Environmental Protection Agency, Defendant, and Natural Resources Defense Council, Inc., Applicant for Intervention as Defendant.**

No. 75 C 4127.

United States District Court,
N. D. Illinois, E. D.

May 24, 1976.

A. Daniel Feldman, Michael A. Pope and Glenn E. Nelson, of Isham, Lincoln & Beale, Chicago, Ill., for plaintiffs.

Alexander Polikoff, Chicago, Ill., for Natural Resources.

Samuel K. Skinner, U. S. Atty., N. D. Ill., Chicago, Ill., Douglas K. Miller, Dept. of Justice, Washington, D. C., for defendant Train.

## MEMORANDUM OPINION

GRADY, District Judge.

This is an action brought by ten power utility companies challenging certain regu-

lations issued by Russell E. Train, the Administrator of the Environmental Protection Agency. The complaint prays for a declaratory judgment finding that the regulations are invalid and for a permanent injunction prohibiting enforcement of those regulations. The case is now before the court on the motions of the Natural Resources Defense Council, Inc. (hereinafter "NRDC") to intervene in the suit and to change the venue of this suit to the United States District Court for the District of Columbia. Although we do not believe that NRDC may intervene as of right, we will grant NRDC permissive intervention. The motion to change the venue of this action will be denied.

The standard for determining intervention as a matter of right is set forth in Rule 24(a)(2) of the Federal Rules of Civil Procedure. The rule provides that a party may intervene in a suit if it possesses an interest relating to the property or transaction at issue and if disposition of the present suit may as a practical matter impair or impede its ability to protect that interest, unless the party seeking to intervene is adequately represented by existing parties. We believe that NRDC has demonstrated neither a sufficient interest in the suit nor inadequacy of representation by existing parties.

NRDC claims an interest in this suit due to its involvement in previous litigation concerning these regulations. In *NRDC v. Train*, 396 F.Supp. 1386 (D.D.C.1975), NRDC brought suit to compel the Administrator to implement certain provisions of the Federal Water Pollution Control Act by issuing regulations concerning state planning in the area of water pollution. NRDC succeeded in that suit, and, as a consequence, Train has promulgated regulations, some of which are at issue in the instant case. We do not believe, however, that one can acquire an enforceable interest in a statute merely by having obtained a declaratory judgment construing that statute. We have found no case supporting such a position. To say that NRDC has an enforceable interest in these regulations would mean that any time a party brought suit involving such regulations, NRDC could step in to defend the regulations, almost as if it, and not the Administrator, had promulgated them.

NRDC also asserts an environmental interest in this suit. It is alleged that NRDC's members have significant, judicially protectable interests in the aesthetic, conservational and recreational as well as economic quality of the water which the regulations seek to protect. These interests do not rise to the level of a direct, substantial, legally protectible interest in the proceedings, as identified in *Hobson v. Hansen*, 44 F.R.D. 18, 24 (D.D.C.1968) and echoed in *Air Line Stewards Association v. American Airlines*, 455 F.2d 101 (7th Cir. 1972).

NRDC cites *United States v. Reserve Mining Company*, 56 F.R.D. 408, 413 (D.Minn.1972) where environmental groups were allowed to intervene in a suit brought by the federal government. We believe that case is factually distinguishable from the instant case in that the interest of the environmental groups was a direct interest as compared to the general interest of NRDC here. In addition, *Reserve Mining* was a government initiated suit. Congress, in 1972, specifically mandated that any citizen may intervene as a matter of right in any state or federal government initiated enforcement action to require compliance with a standard, limitation or order under the Federal Water Pollution Control Act. 33 U.S.C. § 1365(b)(1)(B). Since the instant case is not of such nature, there is no automatic right to intervention. We should also point out that even under that statute, the interest requirement must be met. *Stream Pollution Control Bd. of State of Indiana v. United States Steel, Inc.*, 62 F.R.D. 31 (N.D. Ind.1974), *aff'd.* 512 F.2d 1036 (7th Cir. 1975).

Finally, as to the adequacy of representation, NRDC contends that the Administrator, Train, disagreed with NRDC's interpretation of the Act and only issued the present regulations after being forced to do so by NRDC's court action. This may in-

deed be true. However, once the regulations were passed, we should assume, in the absence of any showing to the contrary, that the Administrator and those acting on his behalf will ably defend the regulations which were, in fact, designed and promulgated by him. As stated in *United States v. Board of School Comm.*, 466 F.2d 573 (7th Cir. 1972), *cert. denied*, 410 U.S. 909, 93 S.Ct. 964, 35 L.Ed.2d 271 (1973):

"Representation is adequate if no collusion is shown between the representative and an opposing party, if the representative does not have or represent an interest adverse to the proposed intervenor and if the representative does not fail in the fulfillment of his duty." 466 F.2d at 575.

In the absence of anything in the record suggesting that the Administrator will not do his best to defend the regulations in the instant case, the court concludes that even if NRDC had a significant interest in this litigation, that interest is adequately represented by the Administrator and thus intervention as of right should be denied.

■ While we have denied NRDC leave to intervene as of right in the instant case, we recognize that the views of NRDC may be helpful to a proper and complete resolution of this case. Plaintiffs and defendant share this view and have no opposition to our granting permissive intervention under Rule 24(b)(2) of the Federal Rules of Civil Procedure. Accordingly, since judicial administration will not be hampered by such action, we will grant permissive intervention to NRDC in this suit.

■ NRDC also seeks a change of venue to the District Court for the District of Columbia pursuant to 28 U.S.C. 1404(a), "in the interest of justice" and "for the convenience of parties and witnesses." As plaintiffs point out in their memorandum, an intervenor generally is held to have waived his privilege to change the venue of a suit. As stated in 7A Wright and Miller, *Federal Practice and Procedure* § 1911 (1972):

"The intervenor cannot question venue. By voluntarily bringing himself into the action he has waived his privilege not to be required to engage in litigation in that forum."

Professor Moore similarly states, "Venue, of course, is a personal privilege, and so a person who intervenes in an action whether as plaintiff or defendant cannot be heard to object to the venue." 3B *Moore's Federal Practice* § 24.19 (2d ed. 1975). This view was followed in *Trans World Airlines, Inc. v. Civil Aeronautics Board*, 339 F.2d 56 (2d Cir. 1964), *cert. denied*, 382 U.S. 842, 86 S.Ct. 40, 15 L.Ed.2d 82 (1965).

■ We agree with this position. When a party seeks to enter pending litigation as an intervenor, he enters the litigation subject to the venue which already exists. The purpose of venue is to alleviate the hardship on a defendant arising from his being forced to defend a suit in an inconvenient forum. Such a consideration does not apply to an intervenor.

■ Even were we to consider the merits of a change of venue to the District of Columbia, we would have to deny NRDC's motion. NRDC admits that it is a nationwide organization with members residing in all areas of the country. Furthermore, NRDC has previously filed suits in a large number of courts across the country. NRDC asserts that its Washington, D.C. office with counsel residing there presents a compelling reason to transfer the case. However, the Seventh Circuit has flatly rejected the argument that the convenience of counsel is a valid reason for a change of venue. *Chicago Rock Island and Pacific Railroad Co. v. Igoe*, 220 F.2d 299, 304 (7th Cir.), *cert. denied*, 350 U.S. 822, 76 S.Ct. 49, 100 L.Ed. 735 (1955). In addition, the convenience of witnesses is of minimal concern in this case since the complaint principally raises issues of law rather than questions of fact. Finally, NRDC asserts that the case is related to *NRDC v. Train*, which was decided in the District of Columbia. However, that case is not pending in the District Court for the District of Columbia. It is currently on appeal in the D.C. Circuit. *NRDC v. Train*, C.A.D.C. No. 75–1873, appeal docketed September 9, 1975. There-

fore, NRDC's contention that this is an instance of related cases pending in two different districts at the same time must fail.

Accordingly, insofar as NRDC's motion to intervene seeks permissive intervention, it will be granted. The motion for change of venue will be denied.