**In re PETROTEX MINERALS, INC., Alleged Debtor.**

**Bankruptcy No. 79–03065A.**

United States Bankruptcy Court, N. D. Georgia, Atlanta Division.

Sept. 25, 1980.

See also Bkrtcy., 5 B.R. 29.

---

**6.** *Id.* at 361.

**244**

Benjamin C. Abney and Mark A. Kelley, Carr, Abney, Tabb & Schultz, Atlanta, Ga., for petitioning creditor.

Edward L. Greenblatt, Jack Holland, James W. McKenzie, Jr., Haas, Holland, Lipshutz, Levison & Gibert, Atlanta, Ga., for alleged debtor.

## ORDER

W. H. DRAKE, Jr., Bankruptcy Judge.

This Order is another attempt by the Court to give direction to the parties in the hard fought "Paper War"[1] known as *In re Petrotex Minerals, Inc.*

On June 3, 1980, the District Court denied the alleged debtor's (hereinafter "Petrotex") motion for leave to appeal an Order of this Court requiring Petrotex to answer certain interrogatories for the purpose of making a determination whether the Court should retain this case pursuant to 28 U.S.C. § 1477.[2] On June 20, 1980, Petrotex filed answers to the interrogatories as ordered. Since that date, the parties have fired another flurry of volleys, the effects of which must now be determined.

On June 23, 1980, Petrotex filed a motion to reconsider the status of the case and to dismiss the involuntary petition. On July 7, 1980, the petitioning creditor (hereinafter "Dinsmore") filed a motion for a ruling on the undecided issues raised by a motion to compel discovery. The Court had previously declined to order full discovery pursuant to that motion until after a determination

---

1. See Order of April 21, 1980.

2. On September 15, 1980 the District Court denied Petrotex' motion for reconsideration of the Order of June 3, 1980 and for leave to appeal.

of whether it would retain the case despite improper venue.[3]

On July 11, 1980, the Court set a hearing for August 6, 1980 on the issue of whether the case should be retained. On July 17, 1980, Dinsmore filed a motion for costs and attorneys' fees incurred in compelling Petrotex to answer the previously mentioned interrogatories, a motion to compel more complete answers to these interrogatories, for sanctions and for an order for relief, a request for admissions, and a second set of interrogatories with a request for production of documents.

On July 18, 1980, Petrotex filed a response to Dinsmore's request for a ruling on his motion to compel and on July 25, 1980 Petrotex filed a set of interrogatories. On July 30, 1980, Dinsmore filed a brief asserting the position that Petrotex had waived all objections to venue at a hearing on October 15, 1979. The next day Petrotex filed responses to Dinsmore's motion for costs and attorneys' fees, and to the motions to compel, for sanctions and for an order for relief.

On August 6, 1980, Petrotex filed a response to Dinsmore's waiver argument and on that same day the scheduled hearing on whether or not the Court should retain this case was held and the matter taken under advisement. On August 18, 1980, Petrotex filed responses and objections to Dinsmore's requests for admissions, objections to Dinsmore's second interrogatories, and a motion for a protective order.

On August 22, 1980, Dinsmore filed a motion to compel answers to his second interrogatories, answers to Petrotex' interrogatories and a post–hearing brief on venue, sanctions, compelling discovery and attorneys' fees. On August 25, 1980, Petrotex replied with a brief in support of its motion to dismiss and in opposition to Dinsmore's motions to compel and for attorneys' fees. On August 29, 1980, Petrotex filed a brief in response to Dinsmore's second interrogatories, request for admission and request for production of documents.

3. Order of February 14, 1980.

## CONCLUSIONS OF LAW

In order to wade through this procedural bloodbath, it is necessary to remember the issue upon which the tactics bear, i. e., whether the Court should retain this case pursuant to 28 U.S.C. § 1477. To aid its decision on that issue, the Court ordered Petrotex to answer certain interrogatories and the District Court upheld that Order. Petrotex filed answers to the interrogatories on June 20, 1980. The first question which arises is whether Petrotex has complied with that Order. By motion on July 7, at the hearing on August 6, and again by brief on August 22, Dinsmore has argued that the answers which Petrotex filed in response to the interrogatories were "so internally inconsistent and inconsistent with the representations of the Debtor's counsel as to be incomplete on their face and no answer at all within the meaning of Federal Rule of Civil Procedure 37(a)(3) as adopted by Bankruptcy Rule 737." Petitioning Creditor's Post Hearing Brief, August 22, 1980.

The Court finds no merit to this argument. The objections which Dinsmore raises concerning the answers to these interrogatories do not raise inconsistencies which bear on the issue at hand. While the noted interrogatories may be relevant to the issue of credibility, they give no hint of undisclosed Georgia assets or creditors. The Court has considered the possibility of ordering more detailed answers to these interrogatories or even of allowing a second round of discovery. However, there is no evidence to indicate that either of these courses would be productive. The law requires only that answers to interrogatories be "complete, explicit and responsive." *Roberson v. Great American Insurance Companies of N. Y.*, 48 F.R.D. 404, 409 (N.D.Ga. 1969), and the Court finds these answers to be sufficiently so. Therefore, Dinsmore's motion to compel, motion for sanctions and motion for order for relief of July 17, 1980 are denied.

■ Having ruled that Petrotex has complied with the Order of this Court compelling discovery, it is now necessary to determine whether or not the case should be retained in the interest of justice and for the convenience of the parties. In approaching this issue, it must be remembered that the discretion to retain a case where venue is improperly laid "must be used with caution and in few cases." *Matter of Commonwealth Oil Refining Co., Inc.*, 596 F.2d 1239, 1241 (5th Cir. 1979). The Court has already indicated that it will be guided by the six convenience criteria listed by the Fifth Circuit Court of Appeals.[4] *Id.* at 1247.

■ The Court also notes that the burden of proof is on "those who ask the court to retain a wrongly placed case to show valid reasons for the exercise of discretion to retain the case." 1 *Collier on Bankruptcy* ¶ 3.02, p. 3–213 (15th ed. 1980) and cases cited therein. Here the petitioning creditor, Dinsmore, has not shouldered the burden to show valid reasons why, under these criteria, the Court should exercise its discretion to retain this case. The evidence indicates that Petrotex has only one creditor in Georgia, and that most of its creditors are in Texas. Petrotex is and has been at all material times a Texas corporation with its principal offices in Corpus Christi, Texas. Of the known witnesses, one is in Georgia and the other is in Texas. Petrotex has no assets in Georgia and the assets it does have are in Texas and Minnesota.

■ Dinsmore also made no showing that the estate could be more economically administered in Georgia than in Texas nor any showing of the necessity of any ancillary administration. It appears that no good reason exists for the Court to exercise its discretion to retain this case.

Dinsmore also argued that Petrotex waived the defense of improper venue by failure to timely raise that defense. However, the Court finds no merit in this argument. Petrotex has at all times, from the earliest opportunity, consistently objected to the propriety of venue in this proceeding, and the Court holds that Petrotex' motion to dismiss for improper venue was made timely.

■ A further, albeit brief, argument was made that Petrotex had waived any objection to venue by intervening in a proceeding where it was not a named party. While it has been held that an intervenor who is not a named party waives his right to contest venue by intervention,[5] the situation here differs substantially from that of federal question or diversity litigation. While Petrotex was not specifically a named party in the adversary proceeding in which it intervened, that adversary proceeding arose out of an involuntary bankruptcy case in which Petrotex was named as the alleged debtor. This Court would not have had jurisdiction over the adversary proceeding had Petrotex not been named in the involuntary case. Petrotex intervened in the *Fremont* adversary proceeding apparently in an attempt, *inter alia*, to contest the venue and jurisdiction of the involuntary case. The Court will not hold that an attempt by an alleged debtor to contest venue should be deemed a waiver of venue by virtue of the fact that the attempt was made in a related adversary proceeding to which the alleged debtor was not a named party.

Since both Petrotex and Dinsmore would prefer that the case be dismissed rather than transferred and no countervailing reasons appear, the case shall be dismissed for improper venue. Rule 12(b)(3), Federal Rules of Civil Procedure as applied by Rule 712, Rules of Bankruptcy Procedure.

4. In its Order of February 14, 1980, this Court listed these six criteria as follows:
   "(1) The proximity of creditors of every kind to the Court;
   (2) The proximity of the bankrupt (debtor) to the Court;
   (3) The proximity of the witnesses necessary to the administration of the estate;
   (4) The location of the assets;
   (5) The economic administration of the estate; and
   (6) The necessity for ancillary administration if bankruptcy should result."

5. *See e. g., Commonwealth Edison Co. v. Train*, 71 F.R.D. 391 (N.D.Ill.1976).

■ This leaves the question of costs and attorneys' fees incurred by the parties in compelling and objecting to the compulsion of discovery. Both parties look to the provisions of Rule 37(a)(4), Federal Rules of Civil Procedure as applied to this proceeding by Rules 737 and 121, Rules of Bankruptcy Procedure, in requesting attorneys' fees. That provision, concerning motions to compel discovery, states:

"If the motion is granted, the court shall, after opportunity for hearing, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in obtaining the order, including attorney's fees, unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust.

If the motion is denied, the court shall, after opportunity for hearing, require the moving party or the attorney advising the motion or both of them to pay to the party or deponent who opposed the motion the reasonable expenses incurred in opposing the motion, including attorney's fees, unless the court finds that the making of the motion was substantially justified or that other circumstances make an award of expenses unjust.

If the motion is granted in part and denied in part, the court may apportion the reasonable expenses incurred in relation to the motion among the parties and persons in a just manner." Rule 37(a)(4), Federal Rules of Civil Procedure.

Here Dinsmore has asked for costs incurred in obtaining an order of this Court requiring Petrotex to answer interrogatories filed on November 5, 1979 and in litigating seven other matters in order to obtain the final Order of the District Court which forced Petrotex to answer the contested interrogatories.

After Dinsmore filed the contested interrogatories, Petrotex filed a motion for a protective order on December 5, 1979 and on December 10, 1979, Dinsmore filed a motion to compel discovery. In its Order of February 14, 1980, the Court granted and denied, in part, the motions of both parties. The Court therefore finds that the opposition of Petrotex to discovery was "substantially justified." *See e. g., Home Insurance Co. v. Ballenger Corp.*, 74 F.R.D. 93 (N.D. Ga.1977).

Having determined that the initial motion for a protective order filed by Petrotex was substantially justified, the question arises whether an award of expenses incurred by Dinsmore in seeking to enforce that Order could appropriately be granted. Neither party cites, and the Court does not find, any cases precisely on point. However, the language of Rule 37(a)(4) indicates that an award is proper only of "reasonable expenses incurred in obtaining the order." This indicates no intent to allow reimbursement of expenses incurred in defending appeals or motions unrelated to discovery. Therefore, Dinsmore's motion for attorneys' fees shall be denied.

■ Petrotex has also requested attorneys' fees in the amount of $250.00 for defending against Dinsmore's motion to compel of August 22, 1980. Since Dinsmore's motion has been denied, Petrotex is entitled to costs unless "the court finds the making of the motion was substantially justified or that other circumstances make an award of expenses unjust." Rule 37(a)(4), Federal Rules of Civil Procedure. In light of the inconsistencies in the position of Petrotex raised by the motion, the Court finds that the motion was "substantially justified."

Since the Court in its Order of February 14, 1980 declined to rule on any further discovery issues until after it determined whether or not to retain the case, the decision to dismiss for improper venue makes moot the issues dealing with discovery initiated after November 5, 1979.

It is hereby ORDERED and ADJUDGED that Petrotex' motion to dismiss for improper venue shall be and is granted.

It is FURTHER ORDERED that the motions of both parties for attorneys' fees shall be and are denied.