**PIPE LINERS, INC., Hydro Conduit Corporation, and Quail Pipe Corporation**

v.

**AMERICAN PIPE & PLASTICS, INC. and American Infrastructure, Inc.**

Civ. A. No. G–95–279.

United States District Court, S.D. Texas, Galveston Division.

July 18, 1995.

Jon R. Trembath, Michael O. Sutton, Fish & Richardson, Houston, TX, for Pipe Liners, Inc. and Hydro Conduit Corp.

William M. Coats, Coats Rose Yale Holm Ryman & Lee, Houston, TX, Charles J. Brown, Carol D. Stevens, Brown Kelleher Zwickel & Wilhelm, Windam, NY, Edward D. Conan, James R. Muldoon, Bond Schoeneck & King, Syracuse, NY, for defendants.

Michael O. Sutton, Fish & Richardson, Houston, TX, for Quail Pipe Corp.

### ORDER

KENT, District Judge.

This is a patent infringement case in which Plaintiffs Pipe Liners, Incorporated ("Pipe Liners"), Hydro Conduit Corporation ("Hydro Conduit"), and Quail Pipe Corporation ("Qual Pipe") allege that Defendants have infringed U.S. Patent Nos. 4,985,196 and 4,986,951, both of which are patent claims for installing thermoplastic pipeliners inside an existing pipe. Before the Court now is De-

fendants' Motion to Dismiss Plaintiff Hydro Conduit for lack of standing to sue. For the reasons stated below, the Court finds that Defendants' Motion should be DENIED.

It is undisputed in this case that Plaintiff Pipe Liners owns all right, title, and interest in the patents in question, including the right to recover for any past, present, or future infringement of the patents. Plaintiff Hydro Conduit is the parent corporation of Pipe Liners and owns 100% of all Pipe Liner's assets, including the disputed patents.[1] It is also undisputed that Hydro Conduit is intimately involved in the corporate affairs of its subsidiary. Hydro Conduit has provided cash to Pipe Liners at several points during 1995; the board members of the two corporations substantially overlap; its employees are responsible for marketing, sales, and licensee assistance for Pipe Liners; and Hydro Conduit is actively involved in Pipe Liner's management. (Plaintiffs' Response, Instrument # 12, at 5).

Nevertheless, Defendants argue that Hydro Electric lacks standing to assert a claim for infringement of the patents because it does not own legal title to them. A patent, of course, is a creature of statute, as is the right of the patentee to have a remedy for the infringement of the patent. In order to exercise that right, a Plaintiff must necessarily have standing as comprehended by the patent statute. *Ortho Pharmaceutical Corporation v. Genetics Institute, Inc.,* 52 F.3d 1026, 1032 (Fed.Cir.1995); *Animal Legal Defense Fund v. Quigg,* 932 F.2d 920, 925, 18 USPQ2d 1677, 1681 (Fed.Cir.1991). Relying primarily on *Site Microsurgical Systems, Inc. v. Cooper Companies, Inc.,* 797 F.Supp. 333 (D.Del.1992), Defendants allege that Hydro Conduit's status as a parent corporation is insufficient to grant it standing to sue in this case. The Court disagrees and finds that Defendants' reliance on *Site Microsurgical* is misplaced.

*Site Microsurgical* involved a motion by a subsidiary corporation to join its parent corporation in a patent infringement case. The

---

1. The Court notes that Plaintiffs have submitted several exhibits with their Response to Defendants' Motion to Dismiss. However, the Court does not include those Exhibits in its consider-

ation of this Motion; to do otherwise would be to transform a routine Motion to Dismiss into a Motion for Summary Judgment, a step this Court is not willing to take at this time.

District Court found that the motion should be denied because the Plaintiffs had submitted no legal authority for the proposition that "a parent corporation effectively has the patent rights of owners, assignees, and licensees by virtue of its ownership of a subsidiary holding patent." *Id.* at 338. Thus, the parent corporation could not be joined in a patent infringement suit seeking compensation for lost sales. "Parties who do not hold legal title to the patent during the time of infringement are not permitted to *recover* for patent infringement." *Id.* at 337 (emphasis added).

However, *Site Microsurgical* did not consider the separate issue of whether a parent corporation can be joined by the holder of legal title to a patent in an *equitable* action as opposed to a suit for damages for patent infringement. Plaintiffs argue that although Hydro Conduit does not own legal title to the patents in question, it does own equitable title, which is defined as "the beneficial interest of one person whom equity regards as the real owner, although the legal title is vested in another." Black's Law Dictionary 1486 (6th ed. 1990). Plaintiffs implicitly rely on the well-established, and remarkably old, doctrine that an equitable title to a patent accrues to a corporation in patents owned by its constituent corporation. Deller's Walker on Patents § 359 (2d ed. 1965) (citing *Edison Electric Light Co. v. New Haven Electric Co.*, 35 F. 233, 236 (CC Conn.1888)).[2]

It is also well established that "a federal district court has jurisdiction to determine a 'claim for infringement,' asserted by an adjudged equitable title holder, as a prerequisite to awarding equitable relief for that infringement." *Arachnid, Inc. v. Merit Industries*, 939 F.2d 1574, 1580 (Fed.Cir.1991). In this case, Plaintiffs' Original Petition seeks a variety of equitable remedies, including declaratory and injunctive relief, as well as several legal claims for damages. Because Hydro Conduit does not hold legal title to the disputed patents, the Court finds that Plaintiff clearly has no standing to join the remaining Plaintiffs in these legal claims.

Nevertheless, under the persuasive case of *University of Colorado Foundation, Inc. v. American Cyanamid*, 880 F.Supp. 1387 (D.Colo.1995), the Court sees no reason why Hydro Conduit cannot be joined in the equitable remedies of declaratory and injunctive relief properly sought by the two remaining Plaintiffs in this case.

Indeed, the Court cannot see what the presence or absence of Hydro Conduit does for this case at all. It is undisputed that Plaintiff Pipe Liners has standing to bring all claims sought in this case. Thus, whether Hydro Conduit is a party to the equitable portions of the case or not, more or less the same discovery, the same arguments, and the same trial witnesses will be present in this case. In addition, the Court notes to its great dismay that since the filing of the original Motion to Dismiss and Plaintiffs' Reply, additional Motions and Surreplies have found their way to this Court. The Court has denied Defendants' Leave to File Additional Authority for its failure to follow Local Rules, and it now denies leave for Plaintiffs' Surreply.

This Court, which has one of the largest civil dockets in the country, finds this paper battle to be a preposterous waste of time for the Court, the attorneys in this case, and their clients, who have to pay for it all. Indeed, it is only one more example of the litigation deficiencies that have clouded the reputation of intellectual property attorneys in this and other trial courts. This endless, and utterly pointless, paper trail makes this extraordinarily busy Court feel like Gulliver bound by the wispy, but multiple, threads of the Lilliputians, and the Court wishes to make as clear as possible to all parties in this case that it has no intention of becoming captive to the glacially slow and relentless litigation maneuvers counsel may have in mind. This is not a complex or unusual case. It is not even a very interesting case. The very fact that almost *nothing* changes whether Hydro Conduit has standing to assert equitable remedies or not—and the Court

---

**2.** Although Defendants have filed a Motion for Leave to Submit Additional Authority, as well as the Additional Authority disputing Plaintiffs' claim, the Court has denied the Motion for failure to include a Proposed Order, as required by Local Rules. Thus, only Defendants' original Motion is properly before this Court.

reiterates that even if Hydro Conduit were dismissed, virtually *everything* would proceed as before—illustrates the astonishing lack of real-world perspective brought by the parties to the crowded and demanding docket of this Court. The Court strenuously urges counsel on both sides of this case to get on with the actual process of resolving this case or getting it ready for trial.

For these reasons, the Court finds that Defendants' Motion to Dismiss Hydro Conduit should be **DENIED.** Hydro Conduit is held not to have legal title to the disputed patents and may not assert any legal claims against Defendants. However, Hydro Conduit does have standing to assert equitable claims for injunctive and declaratory relief. In addition, Plaintiffs' Motion to File a Surreply is also **DENIED** for the reasons stated above. Each party is to bear its own taxable costs in this matter. It is further **ORDERED** that the parties file no further pleadings in this matter, including motions to reconsider and the like. Instead, the parties are instructed to seek whatever relief they feel themselves entitled in the United States Court of Appeals for the Federal Circuit, as may be appropriate in due course.

**IT IS SO ORDERED.**