TELEPHARMACY SOLUTIONS, INC., Plaintiff,

v.

PICKPOINT CORPORATION, Defendant.

No. CIV.A.2:02–CV–809.

United States District Court, E.D. Virginia, Norfolk Division.

Jan. 8, 2003.

742

---

Stephen E. Noona, Kaufman & Canoles, PC, Norfolk, VA, for plaintiff.

Conrad M. Shumadine, Willcox & Savage, PC, Norfolk, VA, for defendant.

### *OPINION AND ORDER*

REBECCA BEACH SMITH, District Judge.

This matter is before the court on defendant PickPoint Corporation's ("PickPoint") motion to transfer pursuant to 28 U.S.C. § 1404(a). For the reasons stated below, defendant's motion is **GRANTED** and this matter is **TRANSFERRED** to the United States District Court for the Northern District of California.

On October 16, 2002, plaintiff Telepharmacy Solutions, Inc., ("TSI") filed a complaint against defendant PickPoint alleging patent infringement. PickPoint answered and filed the motion to transfer with memorandum in support on December 3, 2002. TSI filed a memorandum in opposition to the motion to transfer on December 17, 2002. PickPoint replied on December 20, 2002. The court has reviewed all submissions and has determined that a hearing is not necessary. Therefore, this matter is ripe for review.

TSI is a corporation organized under the laws of Delaware having its principal place of business in North Billerica, Massachusetts. PickPoint is a corporation organized under the laws of California with its principal place of business in Danville, California. In its complaint, TSI alleges that PickPoint has infringed on two of its patents—U.S. Patent No. 5,713,485 ("'485 patent") and U.S. Patent No. 5,797,515 ("'515 patent"). The '485 patent is for a Drug Dispensing System. The '515 patent is for a Method for Controlling a Drug Dispensing System. TSI alleges that PickPoint has infringed on these patents through its production, sale, and use of automated drug dispensing systems in Virginia and throughout the United States. TSI offers as evidence of infringement the installation of a system known as FlexRx by PickPoint at the McDonald Army Community Hospital in Fort Eustis, Virginia. The FlexRx system is alleged to have replaced TSI's system at that facility.

PickPoint seeks a transfer pursuant to 28 U.S.C. § 1404(a), which states that "for the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." PickPoint moves to transfer the trial to the Northern District of California. There is no question that the case could have been brought in that forum, as it is PickPoint's principal place of business. The device in question was designed at that facility, and it has been distributed in the area as well.

■ The burden is on the movant to show that a transfer is proper. *Cognitronics Imaging Sys. v. Recognition Research Inc.*, 83 F.Supp.2d 689, 696 (E.D.Va.2000). In analyzing the propriety of a transfer, plaintiff's choice of forum is typically entitled to substantial weight; however, if "a plaintiff chooses a foreign forum and the cause of action bears little or no relation to that forum, the plaintiff's chosen venue is not entitled to such substantial weight." *Id.* In the matter at hand, Virginia is not the home forum of either plaintiff or defendant; furthermore, although jurisdiction is proper in this district, the sole incident of infringement occurring in Virginia certainly supports the argument that the cause of action "bears little ... relation" to this forum.[1]

■ In deciding whether to transfer, the court considers a number of factors, including ease of access to sources of proof; the convenience of the parties and witnesses and the costs associated with the attendance of witnesses; the interest in having local controversies decided at home; and the interests of justice. *Cognitronics*, 83 F.Supp.2d at 696. As the only relationship to Virginia is the allegation of infringement occurring at Fort Eustis, the ease of access to sources of proof does not weigh in favor of retaining jurisdiction over this matter. PickPoint indicates that, since its facilities are located in California, evidence regarding the design and manufacture of the FlexRx is most readily available there. PickPoint has also submitted a list of witnesses which confirms that most of the individuals involved in the design and manufacture are in California. TSI argues that the Fort Eustis witnesses are necessary to proving the operation of the infringing device. However, PickPoint indicates that its device is installed and operational in numerous other locations, including three locations within twenty-five miles of PickPoint's headquarters in California. Even if the Fort Eustis witnesses are necessary, there are many other witnesses outside of Virginia. The Fort Eustis witnesses alone are insufficient to tip the balance in favor of this forum, especially when the manufacture and design of both TSI's and PickPoint's devices occurs elsewhere. Witnesses who can testify to methods of use for the FlexRx, the role anticipated for the Fort Eustis witnesses, are available in California. Therefore, the balance of conveniences as to sources of proof weighs in favor of transfer. Based on the facts outlined above, the convenience of the parties and witnesses and the costs associated with the attendance of witnesses do not weigh in favor of the Virginia forum either. The Fort Eustis witnesses are the only Virginia witnesses; most of PickPoint's witnesses are in California. TSI's facilities are located in Massachusetts; witnesses from the facility will be inconvenienced whether the trial is in Virginia or California.

The factor regarding having local controversies decided at home is inapplicable, as Virginia is not a home forum for either party, and as the Virginia connection is minimal. Finally, the interests of justice weigh in favor of a transfer. In its filings, TSI argues that docket considerations fa-

1. TSI cites to *Beam Laser Sys. v. Cox Communs., Inc.*, 117 F.Supp.2d 515, 518 (E.D.Va. 2000), in support of its argument that substantial weight should be given to its choice of forum because of the substantive connection of Virginia to the cause of action. However, the ties to Virginia in *Beam* were significantly more extensive than those alleged in the instant matter. Furthermore, *Beam* asserted that the preferred forum in an infringement action is "the center of accused activity." *Id.* A single lease of the FlexRx system in Virginia hardly qualifies it as the center of infringement activity, especially when PickPoint admits to multiple uses of the system in California.

vor allowing the matter to proceed in this court so that TSI may take advantage of the "rocket docket." In fact, a thorough analysis of TSI's arguments convinces this court that docket considerations are the primary reason that TSI seeks to be heard here. The interests of justice are not served by such blatant forum shopping. As this court has stated in the past, such docket considerations " 'cannot be the primary reason for retaining a case in this district. This Court cannot stand as a willing repository for cases which have no real nexus to this district. The "rocket docket" certainly attracts plaintiffs, but the Court must ensure that this attraction does not dull the ability of the Court to continue to act in an expeditious manner.' " *Cognitronics,* 83 F.Supp.2d at 699 (quoting *Schlegel U.K. Holdings Ltd. v. Cooper Tire & Rubber Co., Inc.,* no. 970522–A, slip op. at 18 (E.D.Va. June 10, 1997)). Therefore, though docket considerations do factor into determining whether retaining jurisdiction is in the interests of justice, such considerations cannot be the sole impetus behind retention of the case.

It is clear that the majority of documentary and testimonial evidence is available and most easily accessible in the Northern District of California. Therefore, the court finds that district to be the most logical and convenient forum.

For the reasons stated above, the court **GRANTS** defendant's motion and **TRANSFERS** this case to the Northern District of California. The Clerk is **DIRECTED** to forward copies of this Opinion and Order to counsel for both parties.

**IT IS SO ORDERED.**